## Fox *vs*. Phelps.

Where a testatrix devised real estate to two of her children without words of per-
petuity, and directed that on the happening of a certain contingency, the estate
devised should be *valued*, and that the devisees should pay *an equal part* of it to
two others of her children; IT was HELD, that the *charge* thus imposed upon the
devisees gave them a *fee* by implication.

*It was further held*, that if the devise could be considered as giving *an estate upon
condition*, that the breach of the condition by non-performance would not,*ipso facto*,
operate as a forfeiture of the estate, there being no devise or limitation over
restricting the continuance of the first estate; and that the only effect of a breach
was to give a right of entry to the heir.

*It was further held*, that performance of the condition would be *presumed*, when 29
years had elapsed after the cause of action accrued before suit brought.

*It seems* that where a *trust estate* is created by *implication*, no greater estate will be
mplied than what is necessary to satisfy the object of the trust.

ERROR from the supreme court. This was an action of eject-
ment, brought by Fox against Phelps, in the superior court of
law of the city of New-York, for the recovery of the undivided
*fourth* part of a house and lot. - The plaintiff proved that his
grandmother, *Catharine Thorne*, died seized of the premises;
that she left *five* children her heirs at law ; that one of them,
named *Thomas*, died in 1807 or 1808, without issue, and that
another, *Abigail*, the mother of the plaintiff, was born in 1784 ;
in 1802 she married one *Warren Fox*, who died in 1805 ; that
in 1807 she married *Peter Conti*, and in 1810 died, leaving the
plaintiff, her son and only heir at law, who was born in 1803,
and in 1834 commenced this suit. The defendant deduced title
to the premises in question under the *last will and testament* of
Catharine Thorne, which was executed on the 28th September,
1787. The will commences in these words : " As for my tem-
poral estate I give and bequeath in manner following," and after
directing the payment of her debts, the testratrix gives the sum
of *two pounds* to her son *William*, as an acknowledgment and in
*lieu of his birthright*. She then by the *third clause* of the will
devises unto her sons *Henry* and *Isaac* the premises in question,
without adding words of perpetuity, and directs that after her

decease the premises shall be let, and that the moneys arising from such letting shall be applied *by her executors* for the maintenance, support and education, of her two children, *Thomas* and *Abagail* : of Abagail until she should arrive to the age of 21 years or until the day of her marriage, whichever should first happen ; and of Thomas until he should arrive to the age of 15 years. The *sixth* clause of the will is in these words : " 6 *Item.* It is my will and devise, and I do hereby require and direct, and I do order and require my said executors hereinafter named, that when my said daughter Abigail shall arrive to her age or day of marriage, that then the real estate shall be *valued,* and the said *Henry Thorne* and *Isaac Thorne* shall *and they are respectively required to pay* an *equal part* of my estate *to the rest* in cash; but in case my said daughter Abigail should happen to die before she should be of age or day of marriage, then my said real estate to be kept and detained in the hands and possession of my said executors. until my said son *Thomas Thorne* shall be of his full age, and after that the same shall be equally divided between them share and share alike." The time of the decease of the testatrix was not shown, but it appeared that in 1800 *Isaac Thorne* released his interest in the premises to his brother *Henry,* who was in the receipt of the rents of the same until *April,* 1811, when he conveyed to one *Samuel Mills,* from whom the defendant deduced a regular title. *Henry Thorne* died about the year 1825, and *Isaac Thorne* in 1834. The evidence being closed, the presiding judge charged the jury, and decided that Henry and Isaac Thorne took by the will of Catharine Thorne, their mother, an *estate in fee* in the premises in question, subject to the provisions and payments out of the same to and for their sister and brother, as directed by the will, which were either charges upon the estate or trusts affecting it. But that if, however, the estate of Henry and Isaac under the will was a *conditional estate,* the conditions were such that the jury might, after the lapse of time that had occurred, and under the evidence in the case, presume that they had been performed or satisfied to the parties interested in them ; and

Fox v. Phelps.

further, that on the question of *adverse possession*, the fact of possession being shown, if the jury were of opinion that it was an adverse possession, and had continued so for twenty-five years, then the defendants would be entitled to their verdict on that ground.; the plaintiff's rights (if any he had) not being saved by any statutory exceptions, nor the right of entry postponed by any estate for life : to which decision and charge, the counsel for the plaintiff excepted. The jury found a verdict for the *defendant*, on which judgment was entered. The plaintiff sued out a writ of error, removing the record into the supreme court, where the judgment was *affirmed*. See opinion delivered in that court, 17 *Wendell*, 397, *et seq.* The plaintiff thereupon removed the record into this court, where the case was argued by

*S. Sherwood & G. Wood*, for the plaintiff in error.

*G. Griffin*, for the defendant in error.

*Points for the plaintiff in error:*

1. The plaintiff, as heir at law of Abigail Fox, who was the daughter, and one of the heirs at law of Catharine Thorne, establishes his right to at least one fourth of the premises in question. But the will of Catharine Thorne, the ancestor of the plaintiff, being introduced, the following points are raised : ·

2. The devise to Henry Thorne and Isaac Thorne of the *house and lot*, without words of inheritance or limitation, passes a life estate merely. *Denn, ex dem. Gaskin* v. *Gaskin, Cowp.* 657. *Wells* v. *Wells,* 9 *Johns. R.* 222. *Newkirk's case,* 14 *id.* 198. *Jackson* v. *Bull,* 10 *id.* 148. *Jackson* v. *Haines,* 8 *id.* 141. *Lambert's Lessee* v. *Paine,* 3 *Cranch,* 130. *Jackson* v. *Merrill,* 6 *Johns. R.* 192.

3. The fourth, fifth and sixth items or clauses of the will should be taken and construed together as furnishing an entire disposition of one and the same subject matter ; and supposing the estate devised to Henry and Isaac to be a fee, it was a conditional fee in expectancy, and there is a legal estate in possession for a limited period in the executors, and vested in them for the

purposes therein described, because they are to have the possession and the entire rents and profits for the *period* limited, viz. until the arrival at age or the marriage of Abigail, which is sufficient to give the *estate*, both at law and in equity, to them for that period. *Doe* v. *Briggs*, 2 *Taunt.* 109.

4. The estate of Henry and Isaac being an expectancy and upon a contingency, they must show the event performed to entitle them to an absolute estate, by evidence, either direct or circumstantial, whether it be a *condition* or a conditional limitation.

5. There was no such evidence in this case.

6. If there had been such evidence, the jury could not have passed upon it under the charge of the judge.

7. There was no evidence in this case which could bar the plaintiff under the statute of limitations. *Jackson, ex dem. Bogert and others,* v. *Schauber,* 7 *Cowen,* 187; 2 *Wendell,* 13, *S. C.*

8. If there had been such evidence, the jury could not have passed upon it under the charge of the judge.

*Points for the defendant in error:*

1. The will of Catharine Thorne, the common source of title, vested in her sons Henry and Isaac, an estate in fee simple in the premises. *Hogan* v. *Jackson, Cowp.* 299. *Jackson* v. *Merrill,* 6 *Johns. R.* 185. *Jackson* v. *Babcock,* 12 *id.* 389. *Jackson* v. *Housel,* 17 *id.* 281. *Earl* v. *Grim,* 1 *Johns. Ch. R.* 494. *Finlay* v. *King,* 3 *Peters,* 379. 2 *Preston on Estates,* 206, 207, 217. *Jackson* v. *Bull,* 10 *Johns. R.* 148. *Jackson* v. *Martin,* 18 *id.* 31. *Collier's case,* 6 *Coke,* 16. *Jackson* v. *Billinger,* 18 *Johns. R.* 381. *Wellock* v. *Hammond, Cro. Eliz.* 204. *Boraston's case,* 3 *Coke,* 21. *Mary Portington's case,* 10 *Coke,* 41. *Crickmere* v. *Patterson, Cro. Eliz.* 146. *Co. Litt.* 236, *b. Tunstall* v. *Bracken, Amb.* 167. *Cruise, tit.* 38, *Devise, ch.* 11, § 22, 48. *Frogmorton* v. *Holiday,* 3 *Burr.* 1618. *Freak* v. *Lee,* 2 *Shower,* 30.

2. If the payment of the pecuniary shares to the other children of their mother, was necessary to the consummation of the title

of Henry and Isaac Thorne, such payment is in judgment of law, to be presumed from the lapse of time.

After advisement, the following opinions were delivered :

By the CHANCELLOR.   The will in this case is very inartificially drawn, and it is somewhat difficult to determine whether the testatrix intended that her sons Henry and Isaac Thorne, should lease the premises and pay over the rents and· profits thereof to the executors, to be by them applied to the support and education of the two minor children ; or whether she intended that the executors should themselves let the premises, and receive the rents and profits from the tenants for the same purpose.   In the first case, the legal estate would immediately vest in ·Henry and Isaac, upon the death of their mother, under the third clause in the will, subject to .the charge, or trust, of collecting the rents and profits and paying them over to the executors during the prescribed period : and in the last, the executors took a trust term by implication, which terminated upon the marriage of Abigail, (Thomas having arrived at full age long before that time,) for where a trust estate is created by implication merely, no greater estate is implied than such as is necessary to satisfy the object of the trust.   *Doe* v. *Simpson,* 5 *East's R.* 162.   *Doe* v. *Needs,* 2 *Mees. & Wels.* 129.   It is, therefore, perfectly immaterial to the rights of the parties in this suit, whether the legal estate was in the executors, or in Henry and Isaac, previous to the marriage of Abigail.   In either case Henry and Isaac were seized of a vested remainder in fee immediately upon the happening of that event, under the *third* clause of the will, subject to the payment of one half the value of the premises at that time to their younger brother and sister, according to the directions contained in the *sixth* clause.   That this charge upon the persons of these devisees, of one half the value of the estate in fee, in respect to the land devised to them in the third clause of the will, is sufficient to create a fee by implication in such land, cannot well be doubted, since the decision of this

court in the case of *Spraker* v. *Van Alstyne,* 18 *Wendell,* 200. Here the devisees are to pay one half of the value of the fee, which might be of much more value than a life estate in the whole premises, liable to be terminated at any moment ; and this brings the case within the reason upon which the rule as to an implied fee without words of perpetuity is founded, although the amount of the personal charge cannot exceed half the value of a fee simple estate in the property devised. Neither can it make any difference in respect to the application of that rule of construction, that the estate, in respect to which the charge is made upon the person of the devisee, is a future or a contingent estate, if the charge upon the person is as certain as the vesting of the estate, as it necessarily was in this case.

The payment of one half of the value of the premises to Abigail and Thomas was not a conditional limitation of the estate, so that the estate would be actually divested by the non-payment of the money at the day, and without entry for a breach of the condition. Where there is a devise upon a condition, and the estate is devised over to a stranger upon the breach or non-performance of the condition, that condition is usually construed to be a limitation restricting the continuance of the first estate, so that the first estate is determined without entry or claim, and the limitation over to the stranger immediately commences in possession, upon a breach of the condition. But where there is no limitation over of the estate upon a breach of the condition annexed to the preceding estate, it is not construed to be a conditional limitation, but an estate upon a condition subsequent, at the common law ; so that the *heir* must enter for a breach of the condition, to determine the estate, unless it is evident from the will that the testator intended it as a conditional limitation of the estate merely. Here no estate over was given to Abigail and Thomas, the legatees, or to any other person, upon the neglect or refusal of the devisees to pay the legacies of the half of the value of the premises. And the heirs at law, of whom William was one, could alone enter or claim any interest in the estate, at law, upon a neglect or refusal to pay the money ; although a

Fox *v.* Phelps.

court of equity might compel the devisees to pay if they took the estate devised to them, or might cause the money to be raised out of the estate devised to them by a sale of the estate to satisfy the charge. Neither could it have been the intention of the testatrix in this case, that the legal estate should either be in abeyance until the payment of the money, after the marriage or arrival at age of the daughter; or that the devisees should actually lose the estate by the non-payment of the money the moment it became due. From the very nature of the case, if Abigail married before she was twenty-one, some time must necessarily elapse, after the time appointed for the beneficial interest of the devisees to vest in possession, before the premises could be valued and the money paid; and such marriage might take place a long time before it was known to the devisees. This devise, therefore, cannot properly be construed to be a conditional limitation; and if it was not an absolute fee charged in equity with the payment of the legacy, it was an estate upon a condition subsequent; which estate could only be divested by an entry of the heirs at law for a breach of the condition. And as no such entry had been made, but the devisees and those claiming under them had been permitted to enjoy the property for nearly thirty years after the plaintiff's mother became of age, and discovert, in 1805, so that there was no legal obstacle to her exercising the right to enter as one of the heirs at law, the legal presumption was that the money had been paid and that the condition had not been broken.

The judge was also right in his instructions to the jury, that they were authorized to presume a payment after such a lapse of time, whether it was a conditional limitation of the estate, or an estate upon a condition, either subsequent or precedent; and upon the evidence in the case, he probably should have told them it was their duty to presume a payment, as there was nothing to rebut such a presumption. The money to be paid to Thomas and Abigail was in the nature of personal legacies to them; and the husband of the latter, at any time after the marriage in 1802, was authorized to receive the part of the money belonging to

her, as personal property vested in him by the marriage, and subject only to her equity therein. Again : Abigail remained unmarried for about two years after the death of her first husband, and when she was of full age ; and if the money had not been paid to her husband previously, it belonged to her by right of survivorship, and there was nothing then to prevent her from collecting it for her own use and benefit. If it still remained unpaid at the time of her second marriage, *Conti* became entitled to it as a part of her personal estate, subject to her equity ; and, upon her death, he became absolutely entitled to the whole, under the statute of distributions. Even that event occurred in April, 1810, twenty years before the commencement of this suit, and the fact that the plaintiff who was *not* entitled to the money was then an infant, could not possibly rebut the presumption that the surviving husband, or the personal representative of his deceased wife, who was legally entitled to collect or receive the money, had so received it.

The judgement of the court below was therefore not erroneous, and it should be affirmed.

By Senator EDWARDS. The principle question involved in the case under review appears to be, whether the will of Catherine Thorne, the common source of title, vested in her sons, Henry and Isaac, an estate in fee simple in the premises in question, or only a life estate. If the devise gave them a fee simple, then the charge of the judge was right, and the judgment of the supreme court should be affirmed, and it becomes unnecessary to consider the remaining questions raised in the case ; for if they had the absolute fee by the will, it is unnecessary to enquire whether there was a condition or not, or whether by presumption of law it should be considered as satisfied if there was one, or whether the defendants were entitled to the verdict of the jury, on the ground of adverse possession ; nor is it certain that the jury passed upon either of these questions. If they considered the will cast the fee, as the judge decided and charged, then it was unnecessary they should consider either of the other questions raised. Was the judge right, therefore in charging the jury that

Fox *v.* Phelps.

Henry and Isaac took by the will of their mother an estate in fee in the premises in question ? 1 am of the opinion that the charge in this particular was right.

I concede, that as well in a devise as in a deed where there are no words of perpetuity, or any thing expressed from which a fee by implication can be inferred, the devisee takes an estate for life only. *Dunn* v. *Gaskin, Cowper,* 557. *Jackson* v. *Wells,* 9, *Johns. R.* 223. *Jackson* v. *Emble,* 14 *id.* 198. But no technical words are necessary, and if the testator make use of such expressions as plainly import his intention to cast the fee, it is sufficient. A devise to one of all the testator's estate, or to one of all the property of the testator, (the testator owning the fee,) casts the fee; for these expressions include his whole interest. *Cowper,* 557. *Lessee* v. *Paine,* 3 *Cranch,* 97. *Jackson* v. *Babcock,* 12 *Johns. R.* 389. *Jackson* v. *Housel,* 17 *id.* 281. Although there are no direct words of perpetuity in the will we are now considering, I think from the expressions made use of in it, the testatrix intended to dispose of the whole of her real estate. She commences by saying, " As for my temporal estate, I give and bequeath it in the following manner," &c.; and in the sixth clause of the will she says, " After my daughter Abigail shall arrive to her age or day of marriage, that then the *real estate* shall be valued, and the said Henry Thorne and Isaac Thorne shall, and they are respectively required to pay an equal part of *my estate* to the rest in cash; but in case my said daughter Abigail should happen to die before she be of age or day of marriage, then my *said real estate* to be kept, &c. These, and other expressions contained in the will, appear to me to show that the testatrix intended to dispose of the whole of her *real estate,* and of course the fee; for a disposition of all her estate would include the fee. But what appears to me still more conclusively to show that this will carries with it an estate in fee, is the provision in the *sixth* clause, which creates a direct personal charge upon Henry and Isaac on Abigail's marrying or arriving at the age of twenty-one years; for it expressly declares that when her said daughter Abigail arrived to her age or day of marriage,

her real estate should be valued, and Henry and Isaac should be respectively required to pay an equal part of her estate in cash. The rule is well settled, that where the charge is upon the person of the devisee, in respect to the estate in his hands, he takes a fee; but where the charge is upon the estate only, it is otherwise. *Spraker* v. *Van Alstyne,* 18 *Wendell,* 200. *Jackson* v. *Bull,* 10 *Johns. R.* 151. *Goodtitle* v. *Madern,* 4 *East.* 496. *Doe* v. *Snelling,* 5 *id.* 87. *Moore* v. *Dunn,* 2 *Bos. & Pull.* 247. *Doe* v. *Clark,* 5 *id.* 347. *Collier's case,* 6 *Coke,* 16. *Jackson* v. *Merrill,* 6 *Johns. R.* 192. The reason of this well established rule is, that unless the devisee on whom the personal charge is made, gets the fee, he may be deprived of the premises before the use remunerates him for the amount paid.

How can the contingencies to which the will had subjected the charge upon Henry and Isaac affect their right to the fee? I am of the opinion they cannot. The will gave to Henry and Isaac the house and lot in question, but subject to a charge that the rent should go and be applied by the executors of the testatrix for the maintenance, support and education of her two children, Thomas and Abigail; though the devisees were to have the free use of the garret or upper part of the house. It gave them, therefore, the present interest; they might be the landlords and rent the premises, or might occupy and pay the rent for the purposes contemplated by the will. They had a right to take and hold under the will, until the event happened which was to impose a personal obligation on them, to pay the charge directed by the will, to wit, the day that Abigail arrived to the age of twenty-one or married, or the day on which she died, if she died before she married or became twenty-one. They entered into the possession of the premises subject to have their rights and interests affected as these events might happen; and they held them, it appears, as they had a right to hold them, until Abigail arrived to the age of twenty-one and married. Having thus entered into possession and held under the will until the happening of these events, they became personally liable to pay the charge imposed upon them by the terms of the will, to wit, an

equal part in value of what? not of a life estate, but of the "real estate"—the fee. And being subject to this personal charge, the case is within the rule to which I have referred, and the fee is cast upon these devisees by the operation of it, and consequently the other contingency that the testatrix had provided for in her will, to wit, the death of Abigail before she arrived at the age of twenty-one or married, could not happen, and therefore cannot affect the rights of the devisees. It is, therefore, unnecessary for us to consider what would have been the effect of her death previous to her marriage, and previous to the time she arrived at the age of twenty-one years.

The construction I have given the will, it appears to me, fully carries out the intention of the testatrix. But the construction contended for, that the will gave to Henry and Isaac only a life estate, most clearly defeats her intention ; for Henry and Isaac, although they would obtain only a life estate, would be obliged to pay one half of the value of the real estate to Abigail and Thomas, having taken the estate under the will and having held it to the day of Abigail's marriage, and until she arrived at the age of twenty-one years ; and Abigail and Thomas, after perhaps receiving one half the value, would still, together with William, or their representatives, be entitled to a portion of the remainder of the estate in fee, after the life estate of Henry and Isaac was carved out of it. Such surely could not have been the intentions of the testatrix. She could not have intended to require Henry and Isaac to pay one half of the value of her real estate for a life estate, and then have given the remainder in fee, mostly to the same individuals who were to receive the one half in value, thus giving them a double portion. Nor could she have intended that *William* should have any portion of her real estate, for she expressly says in the second clause of her will, that she bequeathed to him the sum of two pounds, as an acknowledgment *in lieu of his birth-right*. Thus it is evident the construction contended for must defeat the objects the testatrix had in view.

Again : it was insisted on the part of the plaintiff, that the will gave *a conditional fee* in expectancy on the part of

Henry and Isaac, and that they were bound to show a performance of the condition. Had the estate devised been a conditional fee, they would undoubtedly have had to show a performance of the condition, by which the fee was to attach, if the lapse of time would not have raised a presumption of performance, and thrown the burden of proof on the opposite party to repel that presumption, as I think it would. But it is unnecessary to examine this point, as the case does not properly present it for our consideration, and as the fee most clearly was not a conditional fee. It is true, in the third clause of the will there was a condition imposed, but the condition was to impose a direct charge upon the premises for the rent, and did not impose a personal obligation on the devisees, on the neglect of the performance of which, the title was to be defeated ; nor could any such inference be legally drawn from it. Its sole object was to secure the rent of the premises for certain purposes ; but it did not work a forfeiture of the estate, if the rent was not paid. Nor does the sixth clause of the will imply any such condition ; on the marriage of Abigail, or on her arriving at the age of twenty-one years, Henry and Isaac were required by the will to pay her and Thomas an equal share in cash ; this was a personal obligation imposed upon them. But suppose they did not pay it ; the devise does not say they shall forfeit the estate ; they did not take the fee upon any such condition, and obligate themselves to pay one half the value of it—nor can it be inferred from the will that such was the intention of the testatrix, or that such would be the legal inference of the expressions used in the will. The charge was personal, and became a debt against them, and if they did not pay it, they might have been compelled to pay, and if they had not other effects, out of the lands devised. But their neglect to pay could work no forfeiture, and therefore the obligation imposed upon them to pay the amount with which they were charged, on their electing to take under the devise, constituted no condition on which they were to hold the fee. From the view, therefore, I have taken of the case, I have come to the

Fox *v.* Phelps.

conclusion that the judgment of the supreme court should be affirmed.

By Senator VERPLANCK. I have wavered a good deal in my view of this case during the very able argument of it ; but I have come to the conclusion that the judgment of the supreme court should be affirmed, as giving the more probable interpretation of the intention of the testatrix, as well as being most in accordance with the equity of the case.

The will is not only " inartificially drawn," (as is said in the opinion of the supreme court,) but of unusual obscurity and of some apparent contradiction ; still the intention of the testatrix, and the legal effect of her language I take to be briefly these :

I am of opinion that Henry and Isaac Thorne took under the will an absolute estate in fee simple, without any *condition*, in the legal sense of the word. The words " real estate," used in the will, and the charges upon the estate devised, make it an estate in fee simple, and not a life estate merely, as the absence of words of inheritance and limitation might otherwise have made it before our revised statutes. The condition " that the rents and profits of the house should, for a time, go and be applied to the executors," for the support of two of the children, taken in connection with the context, I regard as a charge upon the devisees, and not as the devise of a term to the executors. I consider also the payment directed to be made of certain proportions of the " value" of the lot devised to the other children, as being in like manner not a condition of a contingent estate, but a personal charge on the devisees, which, as said by Judge Bronson, " might be enforced as an equitable mortgage on the estate in their hands." I confess that this does not appear to me to be the necessary and exclusive legal interpretation of the will, for it might bear another ; but this seems the most probable, taking the instrument as a whole and regarding all the circumstances of the case. Nor have I any hesitation in saying, that additional weight is given in my mind to the probability, because it is in unison with the equity of the case, both in protecting the

interests of *bona fide* purchasers against a long dormant claim, and coinciding with the strong legal presumption arising from the lapse of time, that the obligations of the devisees to make certain payments, whether these were to be considered as legal conditions necessary to the consummation or not, were duly discharged and the title thus perfected, under any technical construction whatever. This, however, is but a collateral consideration. I rest my opinion in favor of the affirmance of the judgment of the supreme court mainly upon the construction of the will first stated.

Upon the question being put, *Shall this judgment be reversed?* the members of the court UNANIMOUSLY answered in the negative. Whereupon the judgment of the supreme court was AFFIRMED.