By the Court,

Nelson, C. J.
Ho point was made on the trial, that the defendant was not the assignee of Parsons, the lessee ; that it is too late to raise the question on a motion for a new trial, as was done here.
On the death of Myers, and severance of the reversion by act of law, *350 the descent to his sister and nieces, it became necessary to apportion the rent. Comyn’s Land, and Ten. 214, 215. Rent is incident to the reversion, and must follow it: nor is there any technical difficulty in the remedy at law as supposed by the counsel, on the ground of a tenancy in common. As respects the portion of rent due the plaintiff, the defendant being the assignee of the lessee, is liable in privity of estate to an action upon the covenant. 1 Chitty’s Pl. 36 ; 3 Bacon, 706 K. 6 Id. 48 M.
Neither was the length of time which elapsed without demanding rent sufficient to lay a foundation for the presumption of a release. 5 Cow. 123. It is material to observe, that the point taken was not presumption of payment of the rent down to the commencement of the suit, in analogy to the statute of limitations, but of a release of the covenant. I have found no case going the length claimed. At most, but twenty-four years have elapsed—and counting from the time of the demand made by the agent, but twenty or twenty-one ; short of the period in Livingston v. Livingston, 4 Johns. Ch. R. 293, 294. See also 1 Cowen & Hill’s Notes, 352, n. 308. The small amount of rent, (some f 7.50 a year,) and the distant residence of the plaintiff, doubtless had some influence as to the delay.
I perceive nothing like an estoppel in the partition deed. These premises were excepted out, according to the description, as Mrs. Romeyn and her husband had previously sold them to the defendant. They were therefore not embraced in the partition between the parties. The defen- [ *459 ] dant was *not a party to the deed, does not claim under, nor is he in any way connected with it. Even if the import of the recital was as contended for by the defendant, it is but the confession of a party which might or might not conclude him. It is clear, however, that it was not intended as an admission by the plaintiff that he had sold his interest to the defendant. The clause is fully satisfied, by the fact that the reversion had been sold to him by the mother and grantor of R. M. Romeyn, and for that reason was excepted by him.
New trial denied.