THE CENTRAL BANK OF TROY, Respondent, *v.* PETER C. HEYDORN, Appellant.

In an action to recover a rent charge reserved by the grantor and covenanted to be paid by the grantee in a conveyance in fee, seizin in the grantor is well established, so far as one holding under the grantee is concerned, by the fact that the grantee entered in allegiance to the grantor's title, out of which the rent is reserved; and, until something is shown to the contrary, the relations created by the covenants in the deed are presumed to have continued. Unless, therefore, some one bound by the covenant to pay rent has paid it, or has been released therefrom, the action is well brought, and the production and proof of the covenant, in the absence of proof of payment or release, entitles the grantor or his assignee to a finding that the rent for twenty years (if the covenant has been so long executed) remains unpaid, and to a judgment therefor. The law presumes payment prior to that time; but no presumption arises, from the absence of proof of such payment, that the rents have been extinguished, and the grantee and assignees released from the covenant. (HUNT, C., dissenting.)

Even proof of nonpayment of rent for a period of sixty-three years would not raise a presumption of such release of sufficient strength to establish the fact conclusively as a proposition of law, when the covenant sued upon remains in the possession of plaintiff, uncancelled, and is produced and read in evidence. *Livingston* v. *Livingston*, 4 J., Ch. 204, distinguished. (GRAY, C.)

The inclination of the courts is not to go beyond the strict letter of the statute, in presuming from mere lapse of time an extinguishment of a sealed obligation to pay. (GRAY, C.)

(Argued September 26, 1871; decided January term, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial district, affirming a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought in March, 1862, to recover of the defendant rent for certain premises in the county of Rensselaer. The allegations in the complaint were denied, and as a further defence the defendant alleged "that neither the plaintiff, nor his ancestor, predecessor or grantor was seized or possessed of the premises in question within twenty years before the commencement of this action, nor within twenty years before the alleged cause of action arose;" and, further, "that the alleged covenants and conditions have been released and discharged." On the trial before the referee it appeared that on or about the 30th of July, 1793, Stephen Van Rensselaer, being seized, in fee, of certain lands in Rensselaer county, as party of the first part, and one Frederick Sipperly as party of the second part, mutually made and delivered an indenture, dated that day, by which Van Rensselaer conveyed to Sipperly said land, reserving to Van Rensselaer, his heirs and assigns, the annual rent of fourteen and four-tenths bushels of good clean merchantable winter wheat, which Sipperly, for himself, his heirs and assigns, covenanted to pay; the first payment to be made on the 1st day of January, 1799, and annually on the 1st day of January in each year thereafter forever. On the 25th day of May, 1851, all the rights of Sipperly to a parcel of the premises, which came to him from Van Rensselaer, came to and became vested in the defendant, who from thenceforth held and possessed the same under that title. And on the 7th day of November, 1861, all the rights resulting from Sipperly's covenant to pay rent, including not only the accruing rents, but such arrears of rent as had accrued since the death of Van Rensselaer (the date of that event did not appear), came to and were vested in the plaintiff. The marketable value of the reserved yearly rents which accrued, from May 25th, 1851, to the commencement of this action, upon the parcel of the premises possessed by the defendant, according to the ratio which that parcel bore to the whole premises conveyed to Sipperly, amounted to $228.60. Upon the conclusion of the evidence the defendant moved for a dismissal of the complaint upon the ground that the

evidence did not establish the relation of landlord and tenant. That the plaintiff had failed to prove any title in the premises, and upon the ground that the lapse of time, without any payment of rent, is sufficient evidence that the rent had been discharged or released. The referee overruled the motion and the defendant excepted. The referee then, without further evidence or any evidence that the rent which had accrued prior to that, for the recovery of which this action was brought, had not been paid, found, in addition to the facts heretofore stated, that there was in arrear and unpaid all the rents provided for from the date of the contract, "*there being no evidence of any payments.*" That the relation of landlord and tenant was not created by the contract sued upon, and did not exist between the parties, and as a conclusion of law found and decided that, the plaintiff was entitled to recover of the defendant the sum of $347.18. The defendant excepted to the finding that Stephen Van Rensselaer was seized of the premises in question when he made and delivered the deed sued upon, and to the finding that the plaintiff was entitled to recover of the defendant. Judgment was entered upon the report of the referee for the amount reported and costs.

*Colvin & Bingham* for the appellant. The lapse of time during which this contract was unheard of was conclusive evidence that the covenants had been released and discharged. (*Giles* v. *Banmore*, 5 J., Ch. 552; *Jenkins* v. *Hopkins*, 9 Pick., 543; *Read* v. *Brookman*, 3 Term R., 158; *Sumner* v. *Child*, 2 Conn., 610; *Lyon* v. *Chase*, 51 Barb., 13.) Such deeds operate as assignments and not as leases. (*Van Rensselaer* v. *Read*, 26 N. Y., 563; *Van Rensselaer* v. *Dennison*, 35 N. Y., 393, and cases there cited; *Lyons* v. *Chase*, 51 Barb., 13.) The relation of landlord and tenant cannot be created except by a lease. (*Hope* v. *Booth*, 1 Barn. & Adolph, 498; *Sackett* v. *Barnum*, 22 Wend., 605.) A party is not regarded as seized of a rent charge until it is once paid. (Litt., § 217; Co. Litt., 1430.) The vendee holds adversely

to the vendor.   (*Osterhout* v. *Shoemaker*, 3 Hill, 287;
*Blight* v. *Rochester*, 7 Wheat., 547 ; *Watkins* v. *Holman*, 16
Peters, 54 ; *The People* v. *Van Rensselaer*, 9 N. Y., 343.)

*Samuel Hand* for respondent.

GRAY, C.   That Van Rensselaer was seized of the premises
out of which the rent accrued was, so far as concerned the
defendant, who held under Sipperly, abundantly established
by the fact that Sipperly entered thereon in allegiance to Van
Rensselaer's title, out of which Van Rensselaer reserved for
himself, his heirs and assigns, a perpetual annual rent, which
Sipperly, for himself, and for his heirs and assigns, covenanted
to pay ; and, until something is shown to the contrary, the
relation created by the respective covenants between Van
Rensselaer and Sipperly, and their respective assigns, is pre-
sumed to have continued up to the time this action was com-
menced ; and unless Sipperly, or some one bound by his cove-
nant to pay rent, has paid it, or been released from his
covenant to pay, this action was well brought and maintained
by the plaintiff, as the assignee of Van Rensselaer, against
the defendant, who has succeeded to and holds under his title
to Sipperly, notwithstanding the strict relation of landlord
and tenant does not exist between them.   (*Van Rensselaer*
v. *Hays*, 19 N. Y., 68, 99 ; *Same* v. *Read*, 26 id., 558, 580.)
Other cases to the same effect might be cited.   If this action
had been brought to recover rent which had accrued more
than twenty years before its commencement, and payment had
been pleaded, evidence to repel the presumption of payment
arising from lapse of time would have been requisite ; but as
it was brought to recover rent, every cent of which accrued
within twenty years, it was only necessary to produce and
prove the covenant to entitle the plaintiff to a finding that
the rent for the period claimed remained unpaid, for the rea-
son that, without some evidence of payment of the rent
which had accrued within that time, the presumption of non-
payment would attach.   The burden of establishing that the

covenant sued upon had been released or otherwise extinguished was then cast upon the defendant, who offered no evidence on the subject, nor was evidence given by either party upon any point tending to establish a release of the covenant; but, because none was given, the referee, in the absence of evidence, and against the legitimate presumption that all rents which had accrued more than twenty years prior to the commencement of the action had been paid, did find the fact now relied upon to establish the release of the covenant, viz. : " that there was in arrear and unpaid all the rent provided for from the date of the contract," and why did he so find, not because there was any evidence on the subject, but as he in substance reports, because there was "no evidence of any payments," and now because when the plaintiff established his right to recover the rent sued for, he did not go on and prove that some payments had been made for previous rents (this is the substance of the report), it is insisted that it should be adjudged that not only the rents which had accrued more than twenty years before action brought on it, as well as those sued for and rents yet to become due, had been extinguished, or in other words, that the defendant had been released from his covenant to pay, and hence, because of the strong presumption arising from the plaintiff's omission to prove that some rent had been paid (when no evidence was given to prove that some payments had not been made), the referee erred in his conclusion of law that the plaintiff was entitled to recover, such is in substance the defendant's case, and it is quite enough to say of it that it is wholly unsupported by reason or authority and manifestly unsound. But concede the fact of non-payment to have been squarely found, and that the omission to prove that some rent had been previously paid was sufficient evidence that a payment of rent had never been made from the 1st of January, 1799, when the first annual rent became payable, to the commencement of this action in March, 1863, a space of something over sixty-three years, and that the referee, by finding that fact in effect, found as well in fact as in law that the presumption arising therefrom was not, under

the circumstances, of sufficient strength to prove that the defendant had been released from his covenant to pay. The question is therefore presented whether in either conclusion he erred. In considering this question it must be borne in mind that it is no business of ours to determine whether the rent, that has been over due more than twenty years and not sued for, is presumed to have been extinguished, that is, disposed of by statute, but whether the rent which has accrued within that time, as well as the accruing rent to be paid annually forever, had been released. The covenant sued upon was not lost, as the covenant in another case to which I shall presently refer was alleged to be, but was in possession of the plaintiff and produced and read in evidence by him. The question would naturally arise, why, if the defendant had been released, this covenant to pay accruing rents was permitted to remain in the plaintiff's possession uncanceled. The inference drawn by the referee, undoubtedly, was, that notwithstanding no previous payment had been made, the covenant to pay those for which suit was brought, and the accruing rents, had not been extinguished by release or otherwise. If the question thus determined by him was one of fact, we are bound by his conclusion; if, on the contrary, the presumption arising from the non-payment was, under the circumstances, so conclusive in its nature as to deserve judicial sanction as a question exclusively of law, the referee erred; otherwise he did not. To prove that it merits such sanction, we are referred to *Livingston* v. *Livingston* (4 Johns. Ch. R., 294). That was a case like this, in one respect; the covenant was to pay rent forever. In another it was stronger for the defendant than this; the lapse of time was less. There the time that had elapsed was something over forty-four years; here it was something over sixty-three years. But that case had in it three features which this has not, and which were the main contributions to its distinctive character, as one of law rather than of fact. That was a covenant by a son to his father, the counterpart of which had never come to the knowledge of the executor, who, after the

lapse of forty-four years, filed his bill alleging this fact, and that no rent had ever been paid upon it and asking for a discovery and relief. The absence of the covenant was not accounted for; the idea of its loss lacked verity; and the chancellor, under all the circumstances, presumed that the counterpart, not accounted for, instead of being lost had been surrendered or canceled. That was a case between father and son ; the affection of the father for the son would be a natural cause for surrendering to the son his obligation to pay rent. This, with the fact that the covenant never came even to the knowledge of the executor, and that its absence or loss was not accounted for, would require but a slight additional circumstance to satisfy any reasonable mind that it had been surrendered. In this case the covenant was between strangers, without the element of such affection as would induce its surrender. The covenant was not lost, but was produced and read in evidence, and without a single circumstance to create distrust as to its validity, except the mere omission to prove that rent had never been paid upon it, which, at best, was but a slight circumstance ; and, when considered in connection with the fact that the plaintiff produced and read the covenant in evidence, it became much less than *prima facie* evidence of a release of the covenant, if not quite insignificant. The inclination of our courts, as indicated by a recent case, is not to go beyond the strict letter of the statute, in presuming an extinguishment of a sealed obligation to pay from mere lapse of time. Our statute provides that, " after the expiration of twenty years from the time a right of action shall accrue upon any sealed instrument for the payment of money, such right shall be presumed to have been extinguished." In the case of *Lawrence* v. *Ball* (14 N. Y., 477), an instrument under seal to sell and convey land on the payment of the purchase-price which the vendee covenanted to pay, and after the lapse of forty-one years after the last payment became due, and thirty-five years after any recognition of the vendee's liability to pay, the devisee of the vendor brought ejectment against a party in possession under the vendee who claimed

to own the land, on the ground that it had been paid for, and as evidence of payment he relied upon the presumption arising from the lapse of time since the recognition of any liability to pay. But the court held that such presumption applied only to actions brought to enforce the payment of money, and when thus brought the right of action would be presumed to be extinguished. But as the action brought was for the recovery of the possession of the land, for the payment of which the covenant had been given, and not upon the covenant for the recovery of money secured by it, the defendant could not shield himself by the presumption that the party who sued for the land had been paid for it. And thus the court, while denying the plaintiff the right to collect the money presumed to have been paid, permitted him to recover the land presumed to have been paid for, upon the ground that the statute did not relate to actions other than for money. The case is an extreme one, and cited only for the purpose showing the disinclination of the court to extend to a party the benefit of the presumption of the extinguishment of covenants from mere lapse of time, except in cases to which the statute applies. I am unable to discover a reason, founded upon principle or authority, for disturbing the judgment appealed from.

EARL, C. All the questions in this case are fully settled by prior adjudication, except the one that there is no proof of the payment of rent since the date of the lease. The defendant claims that from the absence of such proof it must be presumed that the rent has been released or discharged. I can find no authority to sustain this claim. In *Livingston* v. *Livingston* (4 Johns., Ch. 294), the bill alleged that *no rent had been paid* since the date of the lease, forty-five years. In *Lyon* v. *Chase* (51 Barb., 13) it was proved that *no rent had been claimed or paid* for upward of twenty years. But no case has been brought to my attention, and I think none can be found, holding that from this bare fact, that no rent has been shown to have been paid within twenty years or any

longer time, the court will presume the rent extinguished or released.

If the lease and occupancy under it are not disputed when the lessor comes into court claiming rent which has fallen due within twenty years, he has nothing more to prove to entitle him to recover. If the lessee claims that the rent has in any way been released, it is matter of defence, and he must prove it; and this he can do by showing a written release, or probably by showing that for a long period of time, not less than twenty years, no rent has been claimed or paid. This great loss of time without the payment of rent, unexplained, may win the presumption that the rent had, in some way, been released. But the court will not indulge in two presumptions; (1) that no rent has been paid, and (2) that the rent has been extinguished. (See also 46 Barb., 439; 3 Hill, 344; 25 Wend., 455; 5 Cowen, 130; 2 Johns. Ch., 287.)

I therefore favor an affirmance of the judgment.

HUNT, C. (dissenting). The present is an action for the recovery of rent upon one of the Van Rensselaer titles, which have been so frequently before this court. The general principles affecting these conveyances are well settled. It has been held that the conditions contained in them, that the grantee should pay rent, and that the grantor or his assignee might bring his action of covenant for the rent, or that he might re-enter upon condition broken by the grantee or his assignee, are valid. (*De Peyster* v. *Michael,* 6 N. Y., 648; *Van Rensselaer* v. *Hayes,* 19 N. Y., 68; *The Same* v. *Ball,* id., 100; *The Same* v. *Dennison,* 35 id., 393; *Same* v. *Barringer,* 39 id., 9.)

I purposely omit all discussion of these points, or of the principle by which they are reached. If numerous and pointed decisions of the Court of Appeals can settle anything, it must be held that, in its general character, this action is maintainable. The case, however, presents a point which has never been before this court, and which involves a grave question. The conveyance was made by Stephen Van Rens-

selaer to Frederick Sipperly, in 1793, on the 30th day of July. By various assignments, the interest of the grantor has become vested in the plaintiff. The defendant became the owner and possessor of the premises described in the deed in 1851, by devise from his father. His father had been the owner and possessor of them for thirty years before his death. The trial occurring in 1864, it then appeared that, for at least forty-three years, the defendant and his father, whose title he held, had been the undisputed owners and possessors of the premises. It was held and reported by the referee, as a fact in the case, that there was in arrear and unpaid all the rent provided for from the date of the contract. In other words, no rent was ever paid.

The finding of the referee, that there was in arrear and unpaid all the rent provided for from the date of the contract, was based upon the fact that there was no evidence of any payments. This conclusion was justly drawn. A creditor sues upon a note which has matured many years before the trial, and which has upon it no receipt or indorsement. The case needs no further proof. The law thereupon adjudges that there have been no payments, and that the whole amount of the note is unpaid. If the debtor claims that payments have been made, he must give the proper proof to establish his claim. Until such proof is made, the presumption of law is in favor of the creditor. A mortgage, payable in installments, running through a long period of years, is presented in court, unaccompanied by evidence of payments; the law adjudges that no payments have been made. If the defendant here had made actual proof that no payments had ever been made, the case would have stood just as it now does. A presumption unrebutted is equally conclusive with positive proof. This is the universal rule, except where the statute of limitations or its analogy is interposed as a defence. Whether the statutes of repose, and the considerations which govern the courts in the quieting of ancient claims, will permit a recovery, and to what extent, is another question. Although unpaid in fact, the question of recovery or no recovery may depend upon

other principles. No rent having ever been paid, the period of non-payment extending to the length of seventy years, there being no evidence of a claim by the grantor or his assignee for its payment, or an acknowledgment of its existence during that period, by the grantee or his assignees, the grantee having been in uninterrupted possession during the term, is the instrument presumed to be extinguished by payment or surrender?

In the General Term of the third district, this question has been twice presented. In *Tyler* v. *Heidorn* (46 Barb., 439), which was an action to recover possession of the premises, it was held that these facts formed no defence to the action, and that the plaintiff could recover. In *Lyon* v. *Chase* (51 Barb., 13), which was an action on a covenant for the rent, it was held by the same court that the rent must be presumed to have been paid or the instrument surrendered, and that there could be no recovery.

It is to be observed that there is no evidence or suggestion that either the creditor or debtor resided abroad, or was absent from the country for any part of the time. Stephen Van Rensselaer resided in Albany; Sipperly and the Heydorns upon the premises in question, a few miles distant from Albany. Neither is there evidence of insolvency or inability to pay on the part of any of the grantees. (1 Ph. Ev.; Cow. & Hill's Notes, pp. 566 [678]*n*, 193.)

The books present the question of the presumption of payment or surrender in several different aspects. I do not pause to consider the distinction between the presumption of a surrender and the presumption of a payment. It does not necessarily arise here. ,

1. As to sealed instruments generally the rule is undoubted that, after the great lapse of time existing in this case, payment will be presumed. So, where a surrender is necessary to affect a defence, so great a passage of time will authorize the presumption that it has been made. This rule applies to mortgages, and to estates held upon conditions, and in actions at law as well as in suits in equity.

In *Giles* v. *Bauemar* (5 John Ch. R., 545–9), Chancellor KENT says that the presumption of payment, founded on lapse of time, does not always proceed on the belief that the thing presumed has actually taken place, but they presume the fact for the purpose and from a principle of quieting the possession. " These presumptions," he says, " are founded in substantial justice and the clearest policy. If a party having knowledge of his rights will sit still, and, without asserting them, permit persons to act as if they did not exist, and to acquire interests and consider themselves as owners of the property, there is no reason why the presumption should not be raised. It is therefore well settled that the presumption that a demand has been satisfied prevails as much in this court as it does at law. Claims the most solemnly established upon the face of them, will be presumed to be satisfied after a certain length of time. Matters of record, a deed and even a private statute, may be presumed to make a good title." In the case before him, which was an action to forclose a mortgage, he held that the mortgage must be presumed to be paid. There had been a period of forty years in which no interest had been paid or demanded, the mortgagor being regularly in possession. He lays down the general rule as existing both at law and in equity, that a mortgage is not evidence of a subsisting title, if the mortgagee never entered, and there had been no interest paid or demanded for twenty years; that these facts authorize the presumption of payment. He cites numerous English authorities to this effect, and in our own courts the cases of 3 Johns. R., 386; 7 id., 283; and *Jackson* v. *Wood*, 12 id., 242.

In *Jackson ex dem Martin* v. *Pratt* (10 John. R., 382), where no possession had been taken under a mortgage, nor any interest paid nor any steps taken to enforce it for nineteen years, it was held not to be a subsisting outstanding title, and that a jury might presume it satisfied.

In *Fox* v. *Phelps* (20 Wend., 437), an estate was devised to Henry and Isaac Thorne, upon the condition that certain

moneys should be paid to their sister Abigail Thorne. In an action of ejectment brought by the grantee of the divisees, it was held that when twenty-nine years had elapsed after the accruing of the cause of action, the performance of the condition would be presumed.

In *Belmont* v. *O'Brien* (12 N. Y. R., 394), a sale having been made of certain premises in the city of New York, the purchaser refused to complete the purchase, on the ground that the record showed an incumbrance upon the property by two mortgages, one given sixty-six years before the sale and the other eighty-four years before the sale. On reference to a referee, he reported the existence of the mortgages, recorded, and " that no evidence was given before him of the payment of any portion of the principal or interest or of any acknowledgment of indebtedness upon either of said mortgages at any time, whereupon he found and reported that said mortgages had been paid and satisfied." The Court of Appeals held that the presumption of payment attached, and that the mortgages constituted no valid objection to the title.

The English cases are numerous, to the effect that where mortgages have lain dormant for twenty years, the mortgagor being in possession, and no payments having been made, they are presumed to have been paid. (*Stewart* v. *Nicholls*, 1 Tamlyn, 307; *Trait* v. *White*, 3 Burns' Ch. Cas., 289; *Christophers* v. *Sparke*, 2 Jac. & Walk., 223, 234.) Auxiliary circumstances will raise the presumption of payment in a shorter time. (*Sackett* v. *Sackett*, 7 Wend., 94.)

It is said in 1 Phillips' Ev. (*supra*, 682 marg. n. 193), " All other sealed instruments or specialties are subject to the same doctrine of presumptive payment, satisfaction or performance, according to the nature of the obligation, as a bond, *e. g.*, a single bill (*McDowell* v. *McCullough*, 17 Serg. & R., 51), a sealed agreement to pay for land (*Jackson* v. *Hotchkens*, 6 Cow. R., 401), and an obligation to convey land (*Barnett* v. *Emerson*, 6 Monroe, 607), a sealed lease and the rent due upon it (*Bailey* v. *Jackson*, 16 John. R., 210), or articles of agreement (*Darke* v. *Clayton*, Finch, 246;

*Phillips* v. *Mornan*, 3 Bibb., 105). So on a covenant against incumbrances, accord and satisfaction were presumed twenty years after breach (*Jenkins* v. *Hopkins*, 9 Pick., 543)."

The same doctrine extends to judgments (1 Phill., same page), and to powers of attorney to confess judgments (id.), and to portions charged on real property (id).

2. It is said that this rule does not affect the grantor's title when applied to the case of a lease, with rent reserved, and not paid for many years. It is said that the lease may continue, although the rent may be presumed to have been extinguished by the lapse of time; and that the entry having been made under the lease, the continuance of that relation will be presumed, and that a defence to an action of ejectment brought by the lessor to recover possession, cannot be maintained on the ground of such presumed extinguishment. Of this class is *Failing* v. *Schenck* (3 Hill, 344), which was an action of ejectment. There a lease for thirty years had been executed by Failing in 1786, reserving a wheat rent. The action was in 1840, by Failing's son, against a grantor of the lessee, to recover possession of the premises. There was no evidence that any rent had ever been paid on the lease. The plaintiff recovered. In delivering the opinion in the Supreme Court, sustaining the judgment, Judge COWEN says, "I am inclined to think that had the question been material the case was a proper one for saying that the rent due on the lease executed by Nicholas Failing must be presumed to have been extinguished; had an action been brought for that, at least the question of extinguishment might have been proper for the jury. But I find no case which holds as a consequence that we are to presume the relation of landlord and tenant broken up, so as to let in an adverse possession during the continuance of the lease. Take it that upon the circumstances you may presume the rent extinguished shortly after the lease was executed, and even suppose a release of all claim for rent. The only result, as it appears to me, is that the lessee is to be deemed as having held for the residue of the term, discharged of the

rent; not that the reversion was extinguished also, or that a state of things arose which entitled the landlord to enter, and therefore let in the statute of limitations to run against him by reason of an adverse possession in his tenant, or indeed in any other person. The statute of limitations, quoad the land, does not turn upon the right of the landlord to receive rent, but on his power to enter. \* \* \* The right of possession was outstanding in virtue of the lease, and had ejectment been brought by the heirs of Failing (during its continuance), that, *per se,* would have constituted a bar." To the same effect is *Jackson* v. *Davis,* 5 Cow. (123–131), where Judge SUTHERLAND says, that lapse of time presumes payment of the rent and of the amount due on mortgages, but not an extinction of the title. This he holds cannot be presumed from mere lapse of time, but must arise from other facts and circumstances.

On the other hand, I find in Phillips' Evidence (1 Ph. Ev., p. 699, marg. *n,* 193, 29) the following : " It has been strongly intimated, though not directly decided, that delay by a landlord for twenty years to enter for a forfeiture of his tenant's rights by the non-fulfillment of condition, shall, under the statute of limitations, operate as a bar to his right of entry. (See Lord KENYON, Ch. J., and ASHURST, J., in *Doe ex dem Tarrant* v. *Heiler,* 3 T. R., 172–3.) That long delay would be a powerful argument for a waiver of the right, in connection with other circumstances, and that it would in time be full evidence of a waiver, there can be no doubt. *(Doe ex dem Tarrant* v. *Heiler,* 3 T. R., 162; *Malone* v. *Malone,* 1 Ball & Beal., 32, note *a.)* And a distinct act, or even a declaration, directly incompatible with the idea of insisting upon the forfeiture, done or made after and with knowledge that is incurred, will be adopted as a waiver. *(Milfax* v. *Baker,* 1 Lev., 26 ; *Malone* v. *Malone,* 1 Ball & Beal., 32, note *a.)*"

It has been decided that the relation existing between the original parties to this instrument was not that of landlord and tenant. The conveyance operated not as a lease, but as an

assignment of the interest of the grantor in the premises. (*Van Rensselaer* v. *Dennison*, 35 N. Y., 393.) The condition of the parties, in respect to the presumption of payment or of surrender of the claim, would seem to be that of a grantee who held his estate by grant, with conditions.

The present, however, is an action for the recovery of the rent due from the grantee, not an action for the recovery of the possession. The defence that, from the great lapse of time, the rent is presumed to have been paid or the claim extinguished, is good, even if full force is given to the distinction made by Judge Cowen in *Failing* v. *Schenck*, *supra*. The action is not ejectment; the claim is not that of a tenant against his landlord that the title is gone. The estate is one upon condition, and the presumption of payment attaching from the lapse of time, there can be no recovery in an action demanding payment of the rent.

The judgment should be reversed and a new trial ordered. All concur for affirmance, except Hunt, C., dissenting.

Judgment affirmed.