(83 Misc. Rep. 178.)

VAN NESS v. RANSOM et al.

(Supreme Court, Trial Term, Nassau County.   December, 1913.)

1. DIVORCE (§ 277*)—ALIMONY—DISCHARGE BY AGREEMENT—SUFFICIENCY OF EVIDENCE.

Evidence, in an action against the estate of plaintiff's former husband for arrears of alimony from the date of a judgment rendered more than 40 years prior to suit, *held* to show that plaintiff executed an agreement releasing her husband from liability under such judgment.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 733–734½; Dec. Dig. § 277.*]

2. PAYMENT (§ 66*)—PRESUMPTION—LAPSE OF TIME.

While mere lapse of time during which no attention is paid to the obligation will not raise a presumption that an obligation to make periodic payments has been discharged, such lapse of time, when considered with other circumstances, may raise such presumption.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 176–188; Dec. Dig. § 66.*]

3. PAYMENT (§ 66*)—ALIMONY—RELEASE OF OBLIGATION.

Where, after a judgment awarding alimony at a certain rate per year, there was no recognition by either party of any obligation for about 40 years after the judgment, and the plaintiff made no attempt to enforce payment, though she could have done so under Code Proc. § 285, the obligation to pay alimony was presumably discharged.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 176–188; Dec. Dig. § 66.*]

4. PAYMENT (§ 66*)—PRESUMPTIONS.

Where, in an action for arrears of alimony under a judgment rendered more than 40 years before suit, defendant pleaded an agreement discharging the obligation, and plaintiff claimed that the payments stipulated as a consideration for such a discharge had not been made, the contention that such payment would be presumed after 20 years was available to defendant.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 176–188; Dec. Dig. § 66.*]

Action by Deborah Van Ness against Rastus S. Ransom and another, as temporary administrators of the estate of Cornelius Henry Van Ness, for arrears of alimony awarded by judgment of divorce. Verdict directed for defendant.

Agar, Ely & Fulton, of New York City (Charles Blandy, of New York City, of counsel), for plaintiff.

Samuel J. Rosensohn and Almuth C. Van Diver, both of New York City, for defendants.

BENEDICT, J.   The plaintiff brings this action on a judgment of this court, dated May 23, 1867, and entered in the office of the clerk of New York county on August 21, 1867, granting her a divorce from her husband, Cornelius Henry Van Ness, and awarding her permanent alimony at the rate of $600 a year.   The purpose of the action is to recover arrears of alimony from the date of the judgment, May 23, 1867, to June 25, 1911, aggregating $26,400 and interest upon the same, computed with quarter yearly rests from the date when each install-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment fell due.   The defendants are temporary administrators of the estate of Cornelius Henry Van Ness, who died on June 25, 1911.   It it alleged in the complaint that no part of the alimony awarded by the judgment has been paid.   The answer sets up by way of defense an agreement under seal between the plaintiff and Mr. Van Ness, whereby the plaintiff purported to release her claim for alimony under the judgment, and it also alleges that she accepted the agreement as full payment thereof.   The answer further sets up payment generally, and also the 20-year statute of limitations and the six-year statute of limitations, as complete and partial defenses.

At the conclusion of the trial, both parties moved for the direction of a verdict, thus submitting to the court for decision all questions of fact, as well as the questions of law.

In my opinion a verdict should be directed for the defendants.   It is not necessary to enter into an elaborate discussion of the questions involved, but I will simply state as briefly as possible my reasons for this decision.

[1] 1. With regard to the question of the genuineness of the agreement set up by way of defense, I think the preponderance of the evidence, giving due weight to the certificate of acknowledgment (Albany County Savings Bank v. McCarty, 149 N. Y. 71, 43 N. E. 427), as well as to the appearance of the document itself and the demeanor of the plaintiff upon the witness stand, was in favor of the defendant; and I therefore hold that the agreement was duly executed by the plaintiff.   I reached the conclusion upon the trial that the plaintiff had executed the agreement in question.   It is true that she would not admit that she had done so; but no amount of pressure by counsel availed to make her state positively that the signature, purporting to be hers, was not genuine.   It was quite apparent from the testimony that the fact of divorce was, for some reason, kept a secret between the plaintiff and her husband, and that their daughter did not learn of it until many years later.   It was also a fact that there was correspondence by letter between the divorced couple for a considerable period after the decree of divorce had been pronounced, and, in view of this somewhat unusual situation, it is not improbable that the daughter and the prospective son-in-law were not advised of the execution of the document by the divorced couple on the day before the plaintiff left America for an absence of five years.   And this fact, having long been dwelt upon, has finally produced in the minds of both of them the sincere conviction that no document was executed nor could have been executed by this plaintiff on the day of its date.   In this I think they are honestly mistaken.

[2, 3] 2. I think the satisfaction of the judgment directing payment of alimony must be presumed from the great lapse of time during which no payments were made and no attempt made to enforce payment, and the other circumstances disclosed by the evidence.   Where there is an obligation to make periodic payments, it is clear that mere lapse of time, however long, during which no attention is paid to the obligation, will not raise a presumption that it has been discharged; and all payments which have accrued within the statutory period of

limitation prior to the commencement of the action may be recovered. Central Bank of Troy v. Heydorn, 48 N. Y. 260. But where there exists such a lapse of time, with other circumstances, satisfaction may be presumed. Livingston v. Livingston, 4 Johns. Ch. 294. In the case cited, land had been conveyed by Robert Livingston, Jr., to his son Henry Livingston, reserving a perpetual rent charge payable annually. The plaintiffs, as successors in interest of the grantor, brought a bill in equity against the grantee for a discovery and payment of arrears of rent; it being alleged that the counterpart of the deed had not come to the possession or knowledge of the plaintiffs and that no rent had ever been paid. Chancellor Kent held that the bill should be dismissed . as to the grantee on the ground of lapse of time, about 44 years, the fact that the grantee was a son of grantor, and the unexplained disappearance of the counterpart of the deed, containing the obligation to pay rent.

In Central Bank of Troy v. Heydorn, supra, Gray, C., said:

"If this action had been brought to recover rent which had accrued more than 20 years before its commencement, and payment had been pleaded, evidence to repel the presumption of payment arising from lapse of time would have been requisite; but, as it was brought to recover rent, every cent of which accrued within 20 years, it was only necessary to produce and prove the covenant to entitle the plaintiff to a finding that the rent for the period claimed remained unpaid, for the reason that, without some evidence of payment of the rent which had accrued within that time, the presumption of nonpayment would attach. The burden of establishing that the covenant sued upon had been released or otherwise extinguished was then cast upon the defendant, who offered no evidence on the subject, nor was evidence given by either party upon any point tending to establish a release of the covenant."

In the case at bar a different situation is presented.

The decree was made on May 23, 1867. The release agreement offered by the defendants and received in evidence, which was dated the next day, provided in substance for the payment by Mr. Van Ness to his wife, in satisfaction of her claim for alimony and of all her claims against his property, by way of dower or otherwise, of the sum of $10,000, of which $3,951.95 were to be paid in cash, and the balance at the rate of $2,000 a year, at such times and in such amounts as Mrs. Van Ness might designate.

On the day following the date of the agreement, the plaintiff and her daughter, and the witness Albert Ross Parsons, who subsequently married the daughter, went to Europe and were absent for five years. The evidence shows that, prior to their departure, the plaintiff had in her possession $500 in gold, which Mr. Van Ness gave to her, and that he later sent to the plaintiff or to Mr. Parsons various sums aggregating between $6,500 and $7,500. These moneys were practically all expended by Mr. Parsons, according to the testimony, for the benefit of the plaintiff, her daughter, and in part, pursuant to agreement with Mr. Van Ness, for his own benefit. There is in evidence a letter from Mrs. Van Ness to Mr. Van Ness, written in October, 1870, which acknowledges receipt of a draft from him. The party returned to the United States in May, 1872, and a little later Mr. Parsons and Miss Van Ness were married, and the plaintiff has ever since resided with and been supported solely by them. Mr. Van Ness remarried twice

after the decree of divorce was granted to the plaintiff, there being, rather singularly it would seem, no prohibition against remarriage on his part in the decree pronounced against him. See 2 R. L. Kent & Radcliffe, p. 94, § III, and 2 R. S. (4th Ed.) p. 329, § 53. From 1872 until the death of Mr. Van Ness in 1911 no payments either by way of alimony or under the agreement were made, so far as appears, to Mrs. Van Ness or for her account; and there is no evidence of any attempt during all this period either to collect the alimony under the decree or to enforce payment of any sum which at that time remained unpaid of the sum specified in the agreement, although Mr. Van Ness was residing within the jurisdiction of the court. In fact, there was not, it would appear, even a demand made for any payment on either obligation, nor any excuse or reason shown for not making such a demand, until after the death of Mr. Van Ness, when the plaintiff's claim was presented to the defendants as temporary administrators on March 26, 1912. And this was the fact notwithstanding that the decree gave to the plaintiff the right to enforce payment of the alimony by merely applying to the court for leave to issue execution. Code of Procedure, § 285.

This circumstance is one to which great weight should be given. I do not say that it is controlling, but it certainly calls for explanation and none is given. I have not considered the legal effect upon this action of the failure to issue execution upon the original judgment because the point has not been raised by counsel, and I prefer to decide the issues upon the merits rather than on technical grounds. See Miller v. Miller, 7 Hun, 208; Lichtenberg v. Herdtfelder, 5 Civ. Pro. 426. It will thus be seen that there was no recognition by either party of any obligation for a period of about 40 years. All of these most unusual circumstances lead irresistibly to the conclusion that the obligation to pay alimony was intended to be and actually was released, discharged, or extinguished. See Lyon v. Chase, 51 Barb. 13, per Ingalls, J.

[4] 3. The plaintiff urges that it has not been shown that the agreement of May 24, 1867, was fully performed, and that without full performance it cannot operate as an accord and satisfaction, to which the defendants answer that payment of the stipulated consideration for the release therein agreed to is to be presumed after the lapse of 20 years. Plaintiff contends in reply to this that the presumption can be used only as a shield, and not to obtain affirmative relief, relying on several cases, of which Lawrence v. Ball, 14 N. Y. 477, seems to be most nearly in point. In that case the successor in interest of a vendor of real property brought ejectment against the successor in interest of the vendee, who was in possession of the property. The defendant set up the contract, claiming an equitable title thereunder, and to support this defense sought to rely upon the presumption of payment of the purchase price, more than 20 years having elapsed since it was due. It was held that the defense was not made out, since an equitable title could not be founded on such a presumption. See, also, Griswold v. Little, 13 Misc. Rep. 281, 34 N. Y. Supp. 703.

The case at bar may, however, be distinguished from this class of

cases, since the agreement was relied upon not to obtain any affirmative relief, nor as the foundation of any title, equitable or otherwise, but solely as a shield. Hence I think the presumption of payment of the sums to be paid by its tenor may properly be indulged, even if payment thereof has not been established conclusively by the evidence to have been made. Bean v. Tonnele, 94 N. Y. 381, 46 Am. Rep. 153; Ouvrier v. Mahon, 117 App. Div. 749, 102 N. Y. Supp. 981; Flagg v. Ruden, 1 Bradf. 192; Jackson v. Pratt, 10 Johns. 381; Clark's Ex'rs v. Hopkins, 7 Johns. 556.

There may be some question as to whether the answer is in such form as to permit the court to determine that the claim for alimony has been discharged in any other manner than by the agreement of May 24, 1867; but, if we may presume performance by Mr. Van Ness of his obligations under that instrument, as I think we may, then the first and second separate defenses are established.

Verdict directed for defendant. Thirty days' stay and 30 days to make case on appeal granted to the plaintiff after service of notice of entry of judgment.