ALBANY,
August, 1822.

JACKSON
v.
ELSWORTH.

JACKSON, ex dem. MYERS, *against* ELSWORTH.

A lease for lives, contained a clause of re-entry for non-payment of rent; or if the lessee should leave the possession for six months, or not perform the covenants, &c.: The tenant left the premises in 1810, and the landlord, in *April,* 1811, executed another lease to the defendant, who entered and took possession of the premises, and the first lessee, who had paid no rent to his landlord after the first of *May,* 1809, brought an action of ejectment, in 1821, against the defendant, to recover the possession: *Held,* that the right of the tenant, (the first lessee,) could be barred only by a recovery, in ejectment, under the statute; and that, if a legal re-entry was to be presumed, it would be a re-entry under the statute,

EJECTMENT for the non-payment of rent, tried at the *Columbia* Circuit, in *November,* 1821, before Mr. Justice *Van Ness.* The premises in question were demised, on the 1st of *November,* 1797, by *Robert R. Livingston,* since deceased, to the lessor of the plaintiff, for his natural life, and the life of his wife, reserving an annual rent of 82 dollars. The lease contained a clause, or covenant, that in case the rent should be in arrear and unpaid, for twenty days, next after the same should become due ; *or,* if the lessee, his heirs or assigns, shall not take possession and improve the premises demised, within six months after the date of the lease ; *or* shall leave the possession, for the space of six months ; *or* shall not keep and perform the several covenants and agreements expressed in the lease, &c. that then, and in either case, the lease, &c. was to be void, &c.; and that, thereupon, it should be lawful for the lessor, his heirs or assigns, to re-enter, &c. The lessor of the plaintiff entered into possession immediately after the lease, and continued in possession until the winter or spring of 1810 ; and it was proved, that the defendant was now in possession of the premises, and that the lessor of the plaintiff and his wife were living.

The defendant proved, that the lessor of the plaintiff, having left the premises, *Livingston,* the landlord, entered into possession thereof, and continued in possession, until the first of *April,* 1812 ; and that the lessor of the plaintiff was indebted to *Livingston,* the landlord, for rent then due, 107 dollars and 72 cents, for which he gave his note, as in full for rent up to the first of *May,* 1809. The defendant, also, proved, that the lessor of the plaintiff, since he left the possession, acknowledged that the note was due and unpaid, rather than at common law ; but that, in the absence of any record, or evidence of a re-entry and recovery, by ejectment, under the statute, such re-entry could not be presumed ; and that a re-entry, at common law, was not to be presumed, unless, after a possession for, at least, fourteen years : and, admitting that the landlord entered six months after his tenant had quitted the possession, that, alone, would not devest the apparent right of possession gained by the tenant.

and that the rent, from the first of *May*, 1809, to the first of *May*, 1810, was, also, due and unpaid. The defendant, also, gave in evidence a lease from *Livingston* to him, for certain lands, including the premises in question, dated *April* 18, 1811, for the lives of the wife of the defendant and of his son *George ;* and that he entered on the premises, and has ever since continued in possession thereof, by virtue of that lease.

A verdict was taken for the plaintiff, subject to the opinion of the Court on a case containing the facts above stated.

*Vanderpoel*, for the plaintiff.

*Shufeldt*, for the defendant.

WOODWORTH, J. delivered the opinion of the Court.

The first question arising in this case is, whether the lapse of time will warrant the presumption that *Livingston*, the landlord, made a regular re-entry for non-payment of rent. It appears that *Myers*, the plaintiff, who was tenant for life, left the premises in 1810, and thereupon *Livingston* entered, and afterwards, on the 18th of *April*, 1811, executed a lease to the defendant, during the lives of his wife and son, by virtue of which lease the defendant entered, and is now in possession. The present action was commenced ten years and a few months after the plaintiff left the possession ; and rent has been paid by him since *May* 1, 1809.

It is well settled, that the right of the tenant can only be barred by ejectment, under the statute. A re-entry at common law does not defeat the title in equity. (1 *N. R. L.* 440. 1 *Saund.* 287. 3 *Black. Com.* 175.) It is, however, sufficient for the defendant, if a re-entry in either way can be presumed, for then he holds the possession rightfully, as against the plaintiff.

If a legal re-entry has been made, it may be presumed to have been under the statute, rather than at common law, which was attended with great inconvenience, and many niceties. After the landlord has performed the requisites required by the common law, to entitle him to re-enter,

ALBANY,
August, 1822.

JACKSON
v.
ELSWORTH.

resort must be had to an ejectment to obtain the actual possession, which, when obtained, is always uncertain, from its remaining in the power of the tenant to offer a compensation at any time, in order to found an application for relief in equity. (1 *Saund.* 287 *note.* *Woodfall,* 270.)

If the landlord has re-entered, he has undoubtedly chosen the more simple and efficient remedy under the statute. In applying the doctrine of presumption to such a case, I am not inclined to go farther than the Court has already gone; for it cannot be questioned, that if a re-entry had been made under the statute, the evidence of it exists as matter of record, and might have been produced. The non-production of it raises a presumption that there is no such evidence, at least, until search has been made, and some fact established, on which the presumption can rest. It appears to me much more probable, from the facts stated, that the landlord, finding the premises vacant, and rent being in arrear, concluded to take possession, without having recourse to the process of law.

In *Jackson,* ex dem. *Goose,* v. *Demarest,* (2 *Caines' Rep.* 382.) the Court say, " after 14 years possession, we will presume a regular re-entry *at common law ;* re-entry is matter *in pais,* and not of record." In that case, which is the shortest period that has been deemed sufficient, the Court do not rest the presumption on a re-entry, by ejectment under the statute, but at common law, evidently, because, no presumption of the former could be indulged, so long as the record of recovery was not produced, or some cause assigned for its non-production. Considering that this principle operates in derogation of the grant, I apprehend our Courts have been sufficiently liberal ; and that a shorter period, if sanctioned, would frequently be productive of manifest injustice. In *Jackson* v. *Walsh,* (3 *Johns. Rep.* 226.) nine years was held insufficient. The presumption relied on would derive but little support from an additional year. I am of opinion, that the lapse of time is not sufficient to raise a presumption of a re-entry for non-payment of rent, either at common law, or under the statute.

ALBANY,
August, 1822.

JACKSON
v.
ELSWORTH.

But it is urged, that the landlord had a right to enter and take possession, because, the tenant left the premises. The clause in the lease is, if the tenant shall " *leave the possession for the space of six months.*" The right to enter did not accrue until six months after the lessor had quit ; an entry before cannot be supported on the ground of a condition broken. The case states, " that upon the lessor of the plaintiff leaving the premises, the landlord *entered upon the possession.*" These expressions imply, that the entry was immediate, and before the expiration of six months. Had the fact been otherwise, there is no doubt the defendant would have strengthened his case by proving it. The consequence, then, is, that no forfeiture had occurred when the entry was made ; and, on this ground, the plaintiff's right is not barred.

If reliance is placed on the breach of condition, an ejectment must be brought for the forfeiture ; for the lease, in this case, is only voidable, and cannot be determined until the lessor re-enters in this manner. (1 *Saund.* 287 *n.* 1. *Woodfall,* 271.)

But if it were conceded, that the landlord did not take possession until after six months, there is no evidence that an ejectment was commenced, under which such entry was made ; neither will the lapse of time support the presumption. It is true, that the legal owner may, for a certain species of injury, when a person who hath no right has previously taken possession of lands or tenements, make entry, which is defined to be an extra-judicial and summary remedy ; in such case, the party entitled may make a formal, but peaceable entry on the land, declaring that thereby he takes possession. (*Co. Lit.* 417.) But when the original entry is lawful, and an apparent right of possession is gained, the law will not suffer that right to be overthrown by the mere act or entry of the claimant. His remedy is by action. (*Co. Lit.* 57 *b.* 237 *a.*)

There is no sufficient evidence to support the presumption of a legal re-entry, either for the non-payment of rent,

ALBANY, · or for condition broken; and, consequently, the plaintiff is
August, 1822. entitled to *judgment.*

Judgment for the plaintiff.