MIRANDA ALLEN *v*. HARVEY W. BROWN, Sheriff, and O. C. UNDERWOOD.

(GENERAL TERM, THIRD DEPARTMENT, APRIL, 1871.)

A lease for lives contained a condition that if the tenant committed waste the lease should become forfeited. . The tenant mortgaged his interest in the land, and then committed waste; the landlord, upon ascertaining this fact, demanded possession of the lands, which the tenant surrendered, and the landlord executed a new lease of the premises to another tenant, who went into possession under it.—*Held*, That as against the mortgage previously given by the tenant and parties claiming under it, the surrender did not terminate the lease.

As against such mortgage, and even as between the landlord and tenant, *it seems*, a re-entry for the forfeiture by suit at law was necessary in order to terminate the lease. (Per MILLER, P. J.)

THIS action was brought by Miranda L. Allen against O. C. Underwood, and H. W. Brown, the sheriff of Otsego county, for the purpose of obtaining a perpetual injunction restraining the defendants from interfering with her possession of certain land in Otsego county, and to prevent the execution of a writ of assistance in a judgment of foreclosure. The cause was tried before Hon. Wm. Murray, one of the justices of the Supreme Court, without a jury, at the Otsego Circuit Court, held in April, 1870.

The pleadings show that the lands were originally held under a lease which was proven for the lives of three persons (in said lease named), given by Goldsborough Banyer to John Cooper, under which, through certain conveyances and prior to the year 1860, James J. Allen came into possession of such lands as tenant of Henry White, trustee.

James J. Allen, the tenant under such lease, in the year 1860, executed a mortgage on his leasehold interest in the premises to a man named Wiltz, for $700.

It was alleged that, in the latter part of the year 1868, or in January, 1869, the said James J. Allen, the tenant, committed waste upon the land, by reason of which the lease became forfeited.

In February, 1869, Joseph B. Cushman, claiming to be

Allen v. Brown.

assignee of the before mentioned mortgage, commenced an action for the foreclosure of the same, and made the plaintiff, Miranda L. Allen, a party to such action, alleging that she had a dower interest. Judgment of foreclosure and sale was entered in the action on the 28th day of April, 1869.

It also appeared that Henry White, trustee, who was not made a party and had no knowledge or notice of the action for foreclosure, when he ascertained that waste had been committed and that the lease was forfeited, demanded possession of the lands from James J. Allen, required him to leave, and on the first day of May, 1869, two days after judgment had been entered in the foreclosure suit, peaceably removed J. J. Allen and took possession of the premises, and put in possession Miranda L. Allen as his tenant under a new lease, and she continued to hold possession of the premises as such tenant till the commencement of this suit.

After Miranda L. Allen had been thus put in possession as the tenant of Henry White, trustee, under such new lease, the lands in question were sold to O. C. Underwood, the defendant, on a sale had in pursuance of such judgment of foreclosure, and the plaintiff, Miranda L. Allen, refusing to give up possession, a writ of assistance was issued to the sheriff of Otsego county to put O. C. Underwood in possession. The foregoing facts appearing, the defendant's attorney moved that the complaint be dismissed with costs, on the ground that it did not state facts which constituted a cause of action; that it did not appear that the landlord had any right or interest which he could lease to the plaintiff; that it does not appear that the former lease had been forfeited by any competent court, or that any proceedings had ever been instituted to have said lease forfeited, or for a re-entry or for an eviction, or that there had ever been any legal entry by the landlord that the tenant could not surrender said lease so as to cut off the rights of a prior mortgagee, or of any one holding by virtue of a prior mortgage; that it appeared from the complaint that the defendant had a right to the possession of the premises by virtue of a judgment of foreclosure

and sale under a prior mortgage. The court granted the motion of defendants, and ordered that the complaint be dismissed with costs, to which decision the plaintiff duly excepted.

Judgment was entered and the plaintiff appealed.

*Marcus T. Hun,* for the appellant.

*Samuel A. Bowen,* for the respondent.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J. The claim of the plaintiff in this action is based upon the ground that James J. Allen, the tenant in possession, had, in violation of the terms and conditions of the lease under which he held and occupied the premises, committed waste upon the same, by reason whereof the said lease became forfeited, and the representative of the lessor entitled to the possession of the same ; and that after such waste was committed, the premises were surrendered by said Allen to said representative, who took pessession and leased the same to the plaintiff, who also took possession of the premises and now claims to hold the same under and by virtue of the last mentioned lease.

The main question to be determined in this case is, whether a leasehold estate, where the lease contained a condition against waste, can be surrendered as against a mortgagee by an arrangement between the tenant and landlord for an alleged breach of the condition, without a re-entry by a suit at law for the forfeiture claimed.

In *Jackson* v. *Elsworth* (20 Johns., 180), a lease for lives contained a clause of re-entry for non-payment of rent, &c. The tenant left the premises and the landlord executed another lease to the defendant, who took possession of the premises, and the first lessee, who had paid no rent after the first of May, 1809, brought an action of ejectment, in 1821, against the defendant. It was held that the right of the first

Allen *v.* Brown.

lessee could be barred only by a recovery in ejectment under the statute. WOODWORTH, J., who delivered the opinion of the court, says: "It is well settled that the right of the tenant can only be barred *by ejectment under the statute.* A re-entry at common law does not defeat the title in equity. (1 N. R. L., 440; 1 Sandf., 287; 2 Black. Com., 175.)" The learned judge also remarks: "If reliance is placed on the breach of condition, *an ejectment must be brought for the forfeiture;* for the lease, in this case, is only voidable, and cannot be determined until the lessor re-enters in this manner. (1 Saund., 287, n. 1; Woodfall, 271.)" If this case can be regarded as a binding authority, it is decisive of the question involved in the case at bar, and the lease under which Allen held only became voidable if waste was committed, and could only become forfeited by the judgment of a competent court. While the force of this authority must be conceded as an adjudged case, which should not be disregarded except for the strongest of reasons, it is urged that it is not applicable on several grounds. I am not able to discover the force of the suggestions made. The fact that the entry was not made with the consent of the tenant in possession does not alter the principle involved, nor can it be claimed fairly, I think, that the remarks of the judge, as to the necessity of an ejectment writ, were *obiter* to the case. The very question involved was the right to take possession for an alleged forfeiture without an action, and, clearly, what was said was peculiarly appropriate and applicable to that question.

Nor can I agree with the plaintiff's counsel that the dictum of the judge is inapplicable to such a case, or that there is no analogy between the two cases. Although it is said that the case has never been cited as authority, there is no case cited to show that it has ever been questioned. It is also argued that a directly contrary doctrine has been held in many cases in this State.

In *Jackson* v. *Stansbury* (9 Wend., 201) it was held that a defendant who entered forcibly into the possession of premi-

ses, is not debarred by such forcible entry from showing title in himself. There was no question of forfeiture in the case, and the question was whether a party having title and a legal right could hold against a person who had no right, although the person entered by force. This case has no application to the case at bar.

In *Jackson* v. *Haviland* (13 Johns., 229) a question of adverse possession arose, and there was no alleged forfeiture, for similar reasons. *Hyatt* v. *Wood*, 4 John., 150 ; 1 Lansing, 222, 239, 242, and the authorities there cited, are not in point. These cases uphold the general principle, that a party having title may assert his right, provided he commits no actual violence ; but not one of them holds that a forfeiture can be enforced without a legal proceeding for such a purpose.

It is said that the English cases sustain the doctrine contended for by the plaintiff's counsel. In *Baylis* v. *Le Gros et al.* (93 Eng. C. L. R., 536), the lease was for twenty-one years, and contained a *covenant to keep* the premises in repair, and a condition that if the tenant should not perform that, it should be lawful for the landlord to re-enter, &c. The landlord, finding the premises in a dilapidated condition, came upon them and entered into an agreement with a person in possession to become his tenant, and it was held that, in an action of ejectment by the tenant who had abandoned the premises, the landlord was entitled to the possession. It will be seen that there is a wide distinction between the case cited and this one at bar. The whole question as to the forfeiture was on trial there, while in this case it is anticipated by an action to restrain the process of the court. But independently of this view, the *lease was for a term of years, and not for life, which we will see presently makes an essential difference.* The covenant also was conceded to be broken by the abandonment of the tenant, and he had thus acknowledged its breach and virtually given up his lease.

It may also be observed that the only case cited by the judges to sustain the decision is *Baker* v. *Coombes* (67 Eng. C. L., 714), which has no application to the question now

arising. I have examined the other cases cited from the English reports and the decisions in other States, and none of them sustain the doctrine contended for.

There is no reported case in the books which holds that where there is a condition in a lease that a party shall not commit waste, that the lease becomes forfeited without a trial and a judgment at law in favor of the party claiming the forfeiture.

As before remarked, there is a difference between leases for *lives* and for *years*.

In Woodfall's Land. and T., p. 271, it is said: "In cases of conditions of re-entry, there is a difference between leases for *lives* and leases for *years*." * * * * "As to leases for lives, it is held that if the tenant neglect or refuse to pay his rent after a regular demand, or is guilty of *any other breach* of the condition of a re-entry, the lease is *only voidable*, and, therefore, not determined until the lessor re-enters; that is, *brings an ejectment for the forfeiture;* and this, though the clause of the condition should be that, for non-payment of rent, or the like, the lease shall cease and be void; for it is a rule that where an estate commences by livery, it cannot be determined before entry."

Applying the rule laid down, there can be no question that the plaintiff's action cannot be maintained. The authority quoted is cited in *Jackson* v. *Elsworth* (20 John. 180, *supra*), and there is no case referred to which disturbs the doctrine there laid down. It must, therefore, be considered as decisive, and the question as *res adjudicata.*

I am also inclined to think that a forfeiture and re-entry on account of waste is a *condition* and not a *limitation* of an estate, and, therefore, waste of itself, without the institution of legal proceedings, does not terminate the estate. The condition does not defeat the estate, although it be broken, until entry by the grantor, or his heirs or representatives. The landlord may terminate the estate, if he chooses, by a proper proceeding. and take advantage of a breach of the condition. If he fails to do this. the estate continues the same as if there

had been no breach of the condition, and the condition is waived. (2 Black. Com., 155; 4 Kent, 126, 127.)

There is another difficulty, I think, in the way of the plaintiff and this action. James J. Allen, the owner of the leasehold estate, having conveyed his interest in the same by way of mortgage, I am strongly inclined to think that he could not make or execute a valid surrender of the premises as against the mortgagee, and thus defeat him from holding under the mortgage. The mortgage purports to convey the premises to the mortgagee, subject to be defeated upon the performance of the condition contained in the mortgage. The mortgagor parts with an interest in the mortgaged premises, by the execution of the mortgage, and if he can surrender the premises in despite of the obligations he has incurred, it would open the door to collusion and the grossest fraud and injustice. A surrender is only a conveyance of the estate which the lessee has, and if it be subject to a mortgage, then the landlord can receive no greater estate than could be conveyed to any other person, and such as the tenant had, subject to the incumbrance thereon. There is eminent justice and equity in such a rule, and I can discover no good reason why it should not be applied. The lease is executed with knowledge that the property may be incumbered by mortgage, and no rights are lost if the incumbrance is recognized, without injury to the landlord, to prevent a forfeiture which must destroy the claim of the mortgage, and which the law abhors. (See *Keech* v. *Hall*, 1 Douglass, 21; 1 Smith Leading Cases, 293.)

In this case such a rule could not operate unjustly, as the landlord had notice of the mortgage, it being alleged in the complaint that foreclosure was commenced on the 6th of February, 1869, and Allen occupied to May 1, 1869, when the lease was executed to the plaintiff, and the possession was surrendered.

If the views last stated are erroneous, yet upon the grounds

first given the justice was right in dismissing the complaint, and the judgment must be affirmed with costs.

POTTER and PARKER, JJ., concurred in the result.

Judgment affirmed.