The whole case was disposed of rightly in the court below, and the judgment should be affirmed.

GRAY and REYNOLDS, CC., concur; LOTT, Ch. C., and EARL, C., dissent.

Judgment affirmed.

---

SAMUEL E. LYON, Respondent, *v.* ROBERT S. ODELL, Appellant.

Payment of rent reserved in a perpetual lease or conveyance in fee may be presumed after the lapse of twenty years; but the non-payment for more than that period does not raise a presumption that the covenant to pay rent has been released and discharged.

Argued September 29, 1874; decided January term, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts are sufficiently stated in the opinion.

*A. Bingham* for the appellant. The contract was released and discharged. (51 N. Y., 13; *Cent. Bk. v. Heydorn,* 48 id., 260; *Belmont* v. *O'Brien,* 12 id., 394; *Jackson* v. *Wood,* 12 J. R., 245; *Jackson* v. *Pratt,* 10 id., 392.) The deeds to third persons did not repel the presumption of release. (*Wakeman* v. *Sherman,* 9 N. Y., 91; 2 Story Eq. Jur., § 152 *a; Chever* v. *Perley,* 11 Al., 584; *Howland* v. *Shurtiff,* 2 Met., 261; *Giles* v. *Baremore,* 5 J. Ch., 545; *Jenkins* v. *Hopkins,* 9 Pick., 549.) Defendant was not liable for breach of the contract sued upon. (*Van Rensselaer* v. *Dennison,* 35 N. Y., 399.)

*Esek Cowen* for the respondent. Presumption of a release arising from non-payment of rent, may be rebutted by any evidence pertinent to that issue. (*Tyler* v. *Heydorn,* 46 Barb., 439.)

REYNOLDS, C. The action was brought for rents reserved in a perpetual lease or conveyance in fee, given by Stephen Van Rennselaer to one Young, of land in the county of Rensselaer, and bears date on the 22d day of August, 1805. In the lease, Young, for himself, his heirs and assigns, covenanted to pay the rent reserved, and, in case of non-payment of rent, Van Rensselaer, his heirs and assigns, had a right of distress, and, if there should be found no sufficient distress, then a right of re-entry into the land. By the 10th day of April, 1861, the right of Van Rensselaer, under the said indenture, became vested in the plaintiff, and from the 19th day of October, 1842, to the time of the commencement of this suit, the defendant owned, under title derived through the conveyance of 1805 and Young, a portion of the land conveyed by it, subject to a life estate of Peter Merchant therein, which was released to the defendant on the 18th of January, 1850, and he went into the possession of the portion of said premises conveyed to him within two or three years thereafter. By the conveyance of the premises to the defendant of the 19th of October, 1842, it was made, among other things, subject to the rents due and to become due to Van Rensselaer, under the conveyance to Young of 1805. There was nothing to show that there had ever been any actual release or discharge of the rent under the original lease of 1805. The defendant never paid any rent, and was never called upon for any rent, and no rent was ever paid under the lease of 1805 for thirty-three years prior to 1844. This action was commenced on the 8th of March, 1862, and the plaintiff recovered for the portion of rent due under the lease of 1805, from the part of the premises owned by the defendant; and, if the plaintiff can recover at all, there does not appear to be any objection to the amount recovered in the court below.

The case shows that no rent of the premises reserved in the indenture, conveyance or lease of 1805 has been claimed, demanded or paid for about fifty-one years before the action was commenced, and the only defence necessary to be considered is whether, by this lapse of time, it is to be presumed

that all the rights reserved by Van Rensselaer, in the conveyance of 1805, have been released and extinguished. We do not think the law indulges in any such presumption. Where the relation of landlord and tenant is once established under a sealed lease, the mere circumstance that the landlord has not demanded the rent cannot justify the presumption that he has extinguished his right by a conveyance to the tenant. (*Central Bank of Troy* v. *Heydorn*, 48 N. Y., 260; *Jackson* v. *Davis*, 5 Cow., 130, 131.) After a lapse of more than twenty years, payment of the rent may be presumed, but not the fact that the right has been released or conveyed, which must depend upon some kind of evidence, and the evidence in this case, at least, tends to show that no such release had ever been in fact made, and all the conveyances from Young to the defendant were made subject to the rents reserved in the indenture of 1805.

In this case the proportionate share of the rent chargeable upon the premises of the defendant, for about twelve years before suit brought was recovered, and we discover no reason for disturbing the judgment below, and it must be affirmed, with costs.

All concur.

Judgment affirmed.