THE JACOB HOFFMANN BREWING COMPANY, Respondent, Appellant, *v.* FRANK WUTTGE and Others, Defendants, Impleaded with JOHN L. KLAGES, Appellant, Respondent.

Second Department, March 17, 1922. .

Landlord and tenant — action to foreclose mortgage on lease — tenant could not destroy mortgagee's interest by surrendering premises — mortgagee not guilty of laches in delaying fourteen months after surrender of premises before commencing foreclosure — delay did not cause loss to landlord.

A tenant having mortgaged his lease does not have the power or right to destroy the interest of the mortgagee by surrendering the lease to the landlord.

In an action to foreclose a mortgage on a lease it appeared that after the landlord began dispossess proceedings against the mortgagor, and after the proceedings had progressed to final order, the mortgagor surrendered possession of the premises to the landlord who had knowledge of the existence of the mortgage; that the plaintiff, the mortgagee, served notice of his intention to redeem, but the landlord, without the knowledge of the plaintiff, obtained an order discontinuing the dispossess proceedings, thereby cutting off the plaintiff's right to redeem; that the present action was instituted within two months after the plaintiff would have had a right to redeem if a warrant had been issued and executed at the earliest possible date.

*Held,* that the plaintiff was not precluded from maintaining its action to foreclose the mortgage on the ground of laches, in that it did not institute the action until some fourteen months after the premises had been surrendered, for equitable relief, to which a party is otherwise entitled, cannot be denied for laches in delaying to seek it, unless the delay has occasioned loss or hardship to the party who invokes the doctrine of laches or has misled him to his injury, and in this case the landlord has not been misled by plaintiff's delay and has suffered no loss therefrom.

As between the plaintiff and the landlord, the said lease is still in existence and subject to the mortgage.

APPEAL by the defendant, John L. Klages, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 5th day of October, 1921, upon the decision of the court rendered after a trial at the Queens Special Term.

Appeal by the plaintiff, The Jacob Hoffmann Brewing Company, from so much of said judgment as adjudges that the defendant Frank Wuttge has not and did not have at the time of the commencement of this action any interest in the premises described in the complaint, and also from an order entered in said clerk's office on the 2d day of November, 1921, resetting and amending the decision upon which said judgment was entered.

The judgment decreed that the tenant, defendant Wuttge, had at the time of the commencement of the action no interest in the premises described in the complaint, and then directed foreclosure of the mortgage against the interest of the tenant only, and barred

and foreclosed the interests of all the defendants " in and to the mortgage lease."

Defendant Wuttge, having a lease of the premises No. 422 Jackson avenue, borough of Queens, for a term of twenty-one years from the 1st day of June, 1913, mortgaged the same to plaintiff to secure a loan of $10,000, with interest at six per cent from June 19, 1914. The tenant, Wuttge, being in arrears for rent on the 16th of February, 1920, the landlord, defendant Klages, began dispossess proceedings in the Municipal Court. On February twentieth, the tenant not appearing, a final order awarding possession to the landlord was granted, but no warrant was ever issued thereon. When the precept was served on Wuttge he delivered the keys to the landlord, who re-entered. On February twenty-eighth the landlord leased the premises to Samuel Harwood for ten years at a greatly increased rental, with the privilege of renewal for five years more at a still greater rental.

The plaintiff knew that the rent was in arrears, but learned of the dispossess proceedings only after service of the precept on Wuttge, and the landlord, when he accepted the surrender of the premises from the tenant, knew of the plaintiff's interest as mortgagee. On May seventh the plaintiff filed with the Municipal Court justice a notice of its intention to redeem pursuant to section 2257 of the Code of Civil Procedure, but on June fourth the landlord, without the knowledge of plaintiff, obtained an order discontinuing the dispossess proceedings. The lease to Harwood recites that it is subject to the right of the plaintiff as mortgagee.

Action was brought on April 5, 1921, to foreclose the mortgage. The court granted judgment of foreclosure, limiting it to the interest of defendant Wuttge in the leasehold, although finding that Wuttge had no interest remaining after the surrender. Both sides appeal.

*James Marshall,* for the plaintiff.

*Jeremiah J. Coughlan* [*August G. Klages* with him on the brief], for the defendant Klages.

BLACKMAR, P. J.:

The real question in this case is on the appeal from the judgment determining that the tenant, Wuttge, had no interest in the lease at the time of the commencement of the action and granting a barren foreclosure against the tenant's interest only.

The tenant, Wuttge, having granted to plaintiff an interest in the leasehold by way of mortgage, had no right or power to destroy the interest by surrendering the lease to the landlord. (*Rector, etc., Christ P. E. Church* v. *Mack*, 93 N. Y. 488; *Keeler* v. *Keeler,*

102 id. 30; *Eten* v. *Luyster*, 60 id. 252; *Allen* v. *Brown*, 5 Lans. 280.) The learned trial justice recognized this rule of law but was of opinion that the delay of fourteen months in bringing the, action was such laches as would make it inequitable to enforce the mortgage against the landlord. We cannot concur in this conclusion. If the landlord had procured the issuance and execution of the warrant in the dispossess proceedings, the mortgagee would have had the right to redeem for his own benefit at the end of a year. (Code Civ. Proc. § 2257.) The statutory right to redeem was destroyed by the surrender and acceptance of the lease and the discontinuance of the dispossess proceedings by the landlord, although the mortgagee had already filed his notice of intent to redeem. Had the warrant been issued and executed at the earliest possible day, the mortgagee would not have been entitled to redeem until February 20, 1921, and the date of the summons in the action is April 5, 1921. Equitable relief to which a party is otherwise entitled cannot be denied for laches in delaying to seek it, unless the delay has occasioned loss or hardship to the party who invokes the doctrine of laches or misled him to his injury. (*Tynan* v. *Warren*, 53 N. J. Eq. 313; *Weseman* v. *Wingrove*, 85 N. Y. 353.) In this case the landlord was not misled by plaintiff's delay and suffered no loss therefrom. The final order of dispossess was entered February 20, 1920. The surrender of the premises was without knowledge of the mortgagee; and eight days thereafter, on February twenty-eighth, without notice to the plaintiff, the premises were relet by the landlord. The course adopted by the landlord resulted, if this judgment be sustained, in the destruction of a valuable mortgage interest in the leasehold and an unjust enrichment of the landlord at the expense of the mortgagee. As between plaintiff and defendant Klages the lease is still in existence and subject to the mortgage.

The judgment is reversed on the law, with costs against defendant Klages, and judgment of foreclosure directed for plaintiff, with costs.

Present — BLACKMAR, P. J., KELLY, JAYCOX, MANNING and KELBY, JJ.

Judgment reversed on the law, with costs against defendant Klages, and judgment of foreclosure unanimously directed for plaintiff, with costs.