Johnston and another vs. King.

---

JOHNSTON and another, Appellants, vs. KING, Respondent.

*August 31 — September 27, 1892.*

*(1, 2) Appeal: Undertaking: Identification of judgment: Justification of sureties. (3) Lease: Implied agreement as to termination.*

1. An undertaking on appeal sufficiently identifies the judgment appealed from, where it gives the correct title of the case and the amount of the judgment, although the date of the recovery thereof is stated to be "the —— day of March, 1892."

Johnston and another vs. King.

2. An affidavit of the sureties in conformity to sec. 3065, R. S., is sufficient to perfect the appeal. if no exception is taken as prescribed in said section.

3. A lease of property provided that "in case of sale of said property by the said party of the first part at any time during said term, he shall forfeit to the party of the second part, as damages," a certain sum. *Held*, that this implied an agreement that the lessor might terminate the lease by such a sale.

APPEAL from the Circuit Court for. *Waupaca* County.

This action was brought for the recovery of one Washington hand printing press, together with a quantity of type, printing materials, etc., and subscription list, belong-. ing to the " New London Times " printing office, a paper that had been regularly published in the city of New London for upwards of 'ten years; owned by one Cleary, who, on the 3d of September, 1890, as the complaint alleged, in consideration of the payment of taxes and the insurance of said office in the sum of $1,000, and the payment of $7 per month rent, leased said property, with its good name and benefits, to the defendant, *King*, for the term of one year, provided that, in case of sale of said property by said Cleary at any time within said term, he should forfeit to the defendant the sum of $21.   On the 7th of October Cleary sold to the plaintiffs said property, and they notified the defendant of the sale, and that they would require possession of the property, November 1, 1890.

The complaint alleged a demand of the defendant for possession of the property on that day, and a tender of $21 as damages, in accordance with the terms of said contract; but the defendant refused to deliver the property.   The answer was, in substance, a general denial.   At the trial the defendant objected to any evidence under the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.   Plaintiff asked leave to amend the complaint by alleging that the agreement between the parties was that the defendant should, in case

Johnston and another vs. King.

of sale, surrender possession of the property described. The agreement of lease being produced, it appeared that there was no such express stipulation contained in it; whereupon plaintiffs' attorney restricted his proposed amendment to an allegation that it was the understanding of the parties that the defendant, in case of sale, should surrender possession of the property. This amendment was denied. The stipulation in the written contract of lease was " that, in case of sale of said property by the said party of the first part at any time during said term, he shall forfeit to the party of the second part, as damages, the sum of $21." The court sustained the defendant's objection to the complaint, and judgment of nonsuit was rendered in his favor against the plaintiffs, and for costs, from which the plaintiffs appealed.

A motion was made to dismiss the appeal for the reason that the notice of appeal gives the date of the rendition of the judgment as March 28, 1892, while the undertaking names no date in that respect, but states that it was rendered on the —— day of March, 1892; and for that the sureties in the affidavit of justification fail to state whether they, or either of them, is a freeholder or householder.

*F. C. Weed*, for the appellants.

*Charles D. Smith*, for the respondent.

PINNEY, J. The undertaking sufficiently identifies the judgment appealed from. It gives the correct title of the cause, and the amount of the judgment, and states that it was recovered by the respondent against the above-named appellants on the —— day of March, 1892, in the circuit court for Waupaca county. The undertaking in this respect is clearly sufficient.

The affidavit of the sureties is to the effect that each of them is a resident of the state, and is worth the sum of $250 over all his debts and liabilities, in property in this

state not by law exempt from execution. It is in strict conformity with sec. 3065, R. S., and was sufficient to perfect the appeal. If the defendant considered the sureties insufficient, his remedy was pointed out in the same section. He should have excepted to the sufficiency of the sureties within ten days after the notice of the appeal, and, in that event, they or other sureties would be required to justify in the manner prescribed in secs. 2704, 2705, and 2706, within ten days thereafter, and, failing to do so, the appeal would be regarded as if no undertaking had been given. Upon such justification it is required that it should appear that each of the sureties is "a resident and freeholder or householder within the state." R. S., sec. 2704. The respondent failing to except to the sureties, and in having moved to dismiss the appeal upon the ground alleged, has mistaken his remedy. The court, on this motion, will not enter upon any inquiry which the statute requires to be made upon exceptions to the sufficiency of the sureties in the manner pointed out in the statute. The motion to dismiss the appeal is therefore overruled.

It was not necessary to amend the complaint by alleging what the understanding of the parties was in respect to the meaning of the written agreement. This must be manifested by the agreement when properly construed. The complaint sets out the substance of the provision of the contract referred to. It is evident that the parties contemplated and understood that the lessor retained the right to sell the property leased, at any time during the term, and to execute such sale by a delivery of possession of it to the purchaser. This necessarily would terminate the lease by taking from the possession of the lessee the property, the subject of the lease. The provision that the lessor should forfeit to the lessee in such case, *as damages,* the sum of $21, by fair implication means that this sum was agreed on as stipulated damages for the termination of the lease of

MacKinnon and another vs. The Mutual Fire Ins. Co. of Chicago.

the property by a sale of it by the lessor. True the contract does not say in so many words that the sum of $21, as damages, is to be paid for that reason. The payment clearly refers, however, to what might thereafter occur in relation to the performance of the contract of lease; and by fair implication the court must say that the intention of the parties was that this sum should be paid as a compensation to the lessee for the loss of the property, caused by its sale and the termination of his term.

"What is implied in a statute, pleading, contract, or will is as much a part of it as what is expressed." *U. S. v. Babbit*, 1 Black, 61; *Wood Co. v. Lackawana I. & C. Co.* 93 U. S. 624. In *Rogers v. Kneeland*, 10 Wend. 218, 250, 252, 253, it is held to be a general principle, applicable to all instruments or agreements, that whatever may be fairly implied from the terms or language of an instrument is, in judgment of law, contained in it. *Fox v. Phelps*, 20 Wend. 447. The circuit court erred in sustaining the objection to the complaint and rendering judgment of nonsuit against the plaintiffs.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for trial according to law.