KING, Respondent, vs. RANSOM and another, imp., Appellants.

*November 13 — November 28, 1893.*

*Lease of chattels: Termination: Sale by lessor: Taking of property.*

A lease of chattels provided that in case of a sale of the property by the lessor at any time during the term of the lease he should forfeit to the lessee a certain sum as damages. The lessee was in default in payment of rent, and the lessor sold the property and demanded possession, tendering to the lessee the stipulated sum, which was refused. *Held*, that the lease implied an agreement that the lessor might terminate it at any time by a sale, and that the lessee was not entitled to damages for the taking of the property by the lessor and his vendee.

APPEAL from the Circuit Court for *Waupaca* County.

On September 3, 1890, the defendant *F. Cleary* leased to the plaintiff the Times Printing Office, with type, printing material, and furniture, then located in Smith's block in New London, for the term of one year from that date. In and by said lease the plaintiff agreed to pay said *Cleary* for the same $7 per month, quarterly, and pay the taxes on the property, and cause said property to be insured in some suitable company, to be approved by *Cleary*, in the sum of $1,000. The lease also contained a clause to the effect that in case of sale of said property by said *Cleary* at any time during said term he should forfeit to the said King, as damages, the sum of $21; and it was therein stipulated that said property should remain in said building, unless removed by the written consent of *Cleary* or his attorney.

This action was commenced in the spring of 1891, and the complaint alleges, in effect, that March 9, 1891, the defendants wrongfully broke into said printing office and took from his possession the property described in the lease, to the damage of the plaintiff in the sum of $2,000,

for which he demanded judgment. The defendant *Cleary*, by way of separate answer, alleged in effect that he was the owner of the property described, September 3, 1890; that he had leased the same to the plaintiff on the conditions named; that March 9, 1891, plaintiff having neglected and refused to pay the rent due by the terms of the lease, and on being admitted into the rooms where the property was, he took possession of the same; and also denied each and every allegation of the complaint. The other defendants, including *Ransom*, answered by way of general denials.

At the close of the trial the jury returned a verdict in favor of the plaintiff and against *Ransom* and *Cleary* in the sum of $110, and from the judgment entered thereon the defendants *Ransom* and *Cleary* appeal.

For the appellants there were briefs by *T. L. Cleary*, and oral argument by *Burr W. Jones*.

*Charles D. Smith*, for the respondent.

CASSODAY, J. At the close of the evidence on the part of the plaintiff the court granted a nonsuit as to all the defendants except *Ransom* and *Cleary*, who were together at the time of taking possession of the property, March 9, 1891. At the close of all the evidence the court directed the jury to return a verdict in favor of the plaintiff and against the defendants *Ransom* and *Cleary* for such damages as they should be satisfied from the evidence that the plaintiff had sustained by reason of their taking and withholding the property described in the lease and mentioned in the foregoing statement. It is undisputed that, prior to their taking such possession, the plaintiff was in default in the payment of the rent, and that *Cleary* had sold the property to the defendants *Ransom* and Johnston, and had demanded possession, and tendered to the plaintiff the $21 mentioned in the lease. Such undisputed evidence was given either on the part of the plaintiff or the defendants

or both, without objection.  The lease in question was before this court in *Johnston v. King*, 83 Wis. 8.  It was there held that the clause of the lease mentioned in the foregoing statement implied an agreement that the lessor,. *Cleary*, might terminate such lease at any time by the sale of the property therein described.  In the event of such termination *Cleary* was therein required to pay to the plaintiff, *King*, $21 as stipulated damages.  That amount appears to have been tendered and refused.  Such being the facts and the law, it is manifest that the verdict was erroneously directed in favor of the plaintiff.  Whether, in rightfully taking possession of the property covered by the lease, *Cleary* and *Ransom* unnecessarily trespassed upon any property or possessions of the plaintiff, as claimed by his counsel, is not presented by this record.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.