WINTON v. KIRBY *et al.*

1.  Section 5232, Comp. Laws, provides that a respondent may except to the sufficiency of sureties upon an appeal undertaking. If he deliberately neglect to avail himself of this opportunity to test the sufficiency of such sureties, he will be held to have accepted such sureties as sufficient.

2.  Section 5230, providing that the supreme court, upon proof that any
such surety "has become" insolvent or insufficient, may require a new
undertaking, is only designed to meet cases where a surety once ac-
cepted has subsequently become insufficient.

3.  Where a respondent has neglected to except to such sureties, he cannot
afterwards in this court obtain an order for a new undertaking upon a
showing of a surety's irresponsibility, existing and known to respond-
ent when the undertaking was served upon him.

(Syllabus by the court.   Opinion filed Oct. 15, 1894.)

Motion to dismiss appeal.   Denied.

*W. A. Wilkes, Davis Lyon & Gates* and *Melvin Grisby*, for
appellant.

*Joe Kirby, D. R. Bailey* and *Stoddard & Wilson*, for respond-
ent.

KELLAM, J.   This is a motion to dismiss the appeal "un-
less appellant forthwith furnish a good and sufficient under-
taking as required by law."   The motion is made upon the files
in the case and an affidavit of one of the respondents, stating
that one of the sureties who executed the undertaking on appeal
is insolvent; that judgments have been standing against him of
record for the past four years, upon which executions have
been issued and returned uncollected, and that he has no prop-
erty in the state subject to execution; and further, upon inform-
ation and belief, that the affidavit of justification signed
by the said surety, in which it now appears that he justified in
the sum of $500, read at the time of its execution $50, and was,
after it was so signed, changed to $500, and that he never in
fact signed or verified an affidavit in the sum of $500.   Section
5232, Comp. Laws, provides that the respondent may except to
the sufficiency of sureties on such undertaking, and thus re-
quire them to submit to an examination as to their property
qualifications.   The obvious purpose of this is to afford the re-
spondent an opportunity of assuring himself that he has good
and sufficient security.   If he deliberately neglect to avail him-
self of the opportunity, he must be taken to have waived his
right, and to accept the sureties as sufficient.   "Objections to

appeal or supersedeas bonds are waived unless seasonably interposed." Elliott, App. Proc. § 684. See, also, Johnston v. King, 83 Wis. 10, 53 N. W. 28. Section 5230, recognizing the fact that sureties who are satisfactory and acceptable when the undertaking is given may not remain so provides that upon proof that any such surety "has become" insolvent or insufficient the supreme court may require a new undertaking. The latter provision is remedial, and is designed to meet cases where the surety once accepted "has become" insufficient or doubtful on account of change in his circumstances. In this case it is not claimed that the challenged surety is in any different condition now than when the undertaking was given. In fact the affidavit of respondent shows that he must have had full knowledge of his condition when the undertaking was served, for the uncollectible judgments referred to were procured by himself as attorney, and the unsuccessful attempts to collect the same were made by him as such attorney. Upon these facts and these statutory provisions, the right of this court to require another undertaking is so doubtful that we cannot assume it. The statement in respondent's affidavit that he is informed and believes that the affidavit of justification has been changed from $50 to $500 since its execution cannot alone prevail against the affidavit itself, and the fact that its appearance tends strongly to negative the correctness of respondent's information. Upon a trial of such question of fact such evidence upon information would be hearsay, and inadmissible. The motion is denied.