FOLEY v. CONSTANTINO.

(Supreme Court, Appellate Term. February 23, 1904.)

1. LANDLORD AND TENANT—STIPULATIONS IN LEASE—COMPENSATION FOR SURRENDER—ENFORCEMENT BY TENANT.

A provision in a lease that in case of a sale of the premises the landlord should give the tenant 60 days' notice in writing, and should return a deposit made to secure the rent, together with $500, to surrender the premises, was merely to compensate the tenant for a surrender of the premises if the landlord desired to sell the property free from tenancy, but was not a provision which the tenant could claim the benefit of in case of a sale to a purchaser who was willing to continue the lease.

2. SAME—TERMINATION OF LEASE—NOTICE OF SALE.

The mere sale and conveyance of the demised premises by the lessor to a purchaser, and written notice thereof to the tenant, did not have the effect of terminating the lease.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Summary proceedings to remove a tenant by Ann Foley against Alphonse Constantino, tenant. From a final order in favor of the landlord, the tenant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Jones Cochrane, for appellant.
W. K. Van Meter, for respondent.

GIEGERICH, J. These proceedings were instituted to remove the tenant from the premises known as No. 552 West Broadway, borough of Manhattan, New York City, after a default in the payment of rent for two months, viz., the months of May and June, 1903. The premises in suit were leased to the tenant by one Ann Quirk, then the owner in fee, by a written lease dated the 29th day of July, 1901, for the term of five years from April 1, 1901, at the monthly rent of $265. The lease, among other things, contains two clauses—one for a deposit of $265 to secure the payment of rent and the performance of covenants, and the other provision "that, should the party of the first part sell the said premises, she shall give to the said party of the second part (tenant) sixty days' notice in writing, said sum of two hundred and sixty five dollars ($265.00) together with five hundred dollars ($500) to surrender said premises, and the said party of the second part on receiving said sixty (60) days' written notice, said sum of two hundred and sixty five dollars ($265.00) together

with five hundred dollars ($500.00), will surrender said premises to the said party of the first part, and not otherwise." Subsequent to the execution of the lease, viz., on or about January 30, 1903, the lessor, Ann Quirk, conveyed the premises to the petitioner, of which conveyance the tenant had due notice. The tenant having failed to pay the rent for the months first above mentioned, these proceedings were instituted. The answer, after specifically denying each material allegation of the petition, sets up a counterclaim for $765, alleged to be due under the covenant above quoted; the tenant averring "that the said Ann Quirk did sell and convey said premises to Ann Foley on or about February 2, 1903, and that neither said Ann Quirk nor said Ann Foley, upon whom said agreement is also binding, have in any respect complied with the provisions of said agreement or covenant, in that they have not, nor either of them, given to said Constantino, tenant, the notice provided for as aforesaid, except that on March 9, 1903, they notified him of such conveyance, nor given or paid to him either of the sums so provided to be given or paid to him in the event of such sale." It is clear to us that the provision that the landlord, in the event of sale, "was to give sixty days' notice in writing, the said sum of $265, together with $500, to surrender said premises," means literally what it says, namely, not that notice of sale was intended, but notice to surrender, and that $265 and $500 should also be given to the tenant to surrender; i. e., as compensation for the surrender and loss of the remainder of the term, if the landlord so desires to end the lease. It is not, therefore, a provision which the tenant could claim the benefit of in the event of a sale to a purchaser who should be willing to continue the lease, as the plaintiff apparently was. It was merely the customary precaution, taken by an owner wishing to sell, so that the property might be sold free of tenancies, if so desired. It was an option, not to the tenant, but to the landlord. The record is barren of any proof that the landlord exercised such option. The mere sale and conveyance of the property by the lessor to the petitioner, and notice thereof to the tenant, did not, as claimed by the latter, have the effect of terminating the lease; on the contrary, it continued unimpaired; and, since it is undisputed that the rent has not been paid for the period in suit, and there being no valid counterclaim or offset to the claim for such rent, the final order in favor of the petitioner was properly made. The final order should therefore be affirmed, with costs.

Final order affirmed, with costs. All concur.