# KEROES *v.* COLEMAN.

LANDLORD AND TENANT; LEASE; NOTICE TO QUIT; STIPULATED DAMAGES.

No right to recover the stipulated sum, when the lessee is not asked to and does not yield possession during his term, is given him by a provision in the lease, reserving to the lessor, if the lessee does not wish to purchase the premises, the right to sell to a third person upon payment to the lessee of a stipulated sum, and adding that in such event the lessee is to have six months' notice to quit.

No. 2668.    Submitted October 12, 1914.    Decided November 2, 1914.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia on demurrer to a declaration filed to recover a certain amount claimed to be due plaintiff under a covenant in a lease.        *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment on demurrer to the declaration of Jacob Keroes, the appellant in the court below.    It

appears that in April, 1908, Christina Cecelia Coleman, appellee, leased certain premises to plaintiff for a term of five years. The lease provided that the lessee should have the option of purchasing the property at any time during the period of the lease for the sum of $27,000, and that, if the lessor should have an opportunity during the term to sell, he should notify the lessee and give him an opportunity to exercise the option reserved to him in the lease. The lease then provided: "It is further agreed that should the agent, Percy H. Russell, or the owner of said premises, have an opportunity to sell said premises during said lease, and said lessee declines or is unwilling to purchase for the said sum of twenty-seven thousand ($27,000) dollars, in such event said agent, Percy H. Russell, or owner, reserves the right to sell said property upon payment to said lessee of two thousand ($2,000) dollars, and in such event said owner is to give said lessee six (6) months' notice to remove from and quit said premises."

Plaintiff entered the premises under his lease in April, 1908, and in May, 1912, defendant had an opportunity to sell the property. She so notified plaintiff, who refused to purchase at the agreed price, whereupon defendant sold to the third party. No notice was given plaintiff to vacate the premises, and he remained in possession until the termination of his lease, in April, 1913. Plaintiff then brought the present suit to recover $2,000 claimed to be due him under the covenant in the lease above quoted. From a judgment for defendant, plaintiff appealed.

*Mr. Charles A. Keigwin* and *Mr. Hayden Johnson* for the appellant.

*Mr. Paul E. Lesh* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The covenant in the lease, though inartificially expressed, is not difficult to interpret. It reserved to defendant the right, in

the event the property should be sold to a purchaser other than the plaintiff, to obtain possession thereof before the termination of the lease, upon giving plaintiff six months' notice to quit and the payment of $2,000. But the tenancy of plaintiff was not interrupted. Defendant did not elect to exercise the right reserved to her in the lease. Hence, plaintiff was not damaged, and is not in position to enforce his claim for the amount of damages agreed upon in the event of his being called upon to deliver possession before the termination of the lease. The authorities cited in defendant's brief support this interpretation. *Foley* v. *Constantino,* 43 Misc. 91, 86 N. Y. Supp. 780; *Johnston* v. *King,* 83 Wis. 8, 53 N. W. 28; *McDaniel* v. *Callan,* 75 Ala. 327; *Lunke* v. *Egeland,* 46 Mont. 403, 128 Pac. 610.

The judgment is affirmed, with costs.          *Affirmed.*